## MITCHELL v. YOUELL, Superintendent of Virginia State Penitentiary.

### No. 4954.

Circuit Court of Appeals, Fourth Circuit.

Oct. 7, 1942.

W. A. Hall, Jr., of Richmond, Va., for appellant.

Walter E. Rogers, Asst. Atty. Gen., of Virginia (Abram P. Staples, Atty. Gen., of

Virginia, and Carrington Thompson, Sp. Asst. to the Atty. Gen., of Virginia, on the brief), for appellee.

Before PARKER, SOPER, and DOBIE, Circuit Judges.

PARKER, Circuit Judge.

This is an appeal in a habeas corpus case in which the petitioner contends that his conviction and sentence by the Circuit Court of Patrick County, Virginia, was had under such circumstance as to amount to a denial of due process of law in violation of the 14th Amendment to the Constitution of the United States. Petitioner, having exhausted his remedies in the state courts, including petition to the Supreme Court of Appeals of the state for writ of habeas corpus, applied for the writ to the judge below, and from order discharging the writ he prosecutes this appeal.

Petitioner was tried for the crime of burglary and a jury having convicted him and fixed his punishment at 18 years imprisonment in the penitentiary, the trial judge imposed this sentence. Petitioner contends that he was tried without the benefit of counsel amid circumstances which made the aid of counsel essential to that fair and impartial trial which due process contemplates; and we think that his contention is well founded. Failure to appoint counsel is not of itself a denial of due process. Betts v. Brady, 316 U.S. 455, 62 S.Ct. 1252, 86 L.Ed. ——; Carey v. Brady, 4 Cir., 125 F.2d 253. It is a circumstance, however, to be considered along with other circumstances in the case; and if from all of these it appears that the prisoner has been denied the substance of a fair trial, he is entitled to relief under habeas corpus. Betts v. Brady, supra; Smith v. O'Grady, 312 U.S. 329, 61 S.Ct. 572, 85 L.Ed. 859; Powell v. Alabama, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158, 84 A.L.R. 527; Boyd v. O'Grady, 8 Cir., 121 F.2d 146.

The "burglary" for which defendant was indicted was the entry into a "cabin" or "shack" in which an unmarried man, living in a nearby town, occasionally spent nights or week ends. The evidence against defendant seems to have been that he and two other persons, about midnight after the entry, sold a radio and some other property of small value stolen from the cabin, which was unoccupied at the time. The cabin had not been entered or the property removed "about night" on the preceding evening

and the entry and removal of the property was discovered the following morning. A person charged with the serious crime of burglary, punishable with death in the State of Virginia, on evidence of this character certainly had need of counsel. Whether the building entered was a dwelling within the meaning of the law of burglary or not, whether the entry was sufficiently shown to be in the nighttime or not, whether guilt of burglary should have been inferred under the circumstances of the case from such possession as was shown, were all difficult questions of law with which a layman was not competent to deal; and any adequate defense required the services of a skilled lawyer.

Petitioner was an ignorant share cropper with not more than a fifth grade education. He was without funds to employ counsel and without friends to assist him. He was arrested on September 18, 1940, under a warrant charging statutory breaking and entering, a crime carrying much less punishment than the crime of burglary, and he remained in jail under this charge unable to give bond until the convening of the next term of court in the following December. Not until the bill of indictment was returned on December 2d was he charged with the grave crime of burglary; and, notwithstanding a request for continuance made by counsel for his co-defendant, he was placed on trial for that crime on the following day. There is some controversy as to the circumstances surrounding the request of petitioner for counsel, but the judge below finds as a fact that no counsel was assigned him and this finding is sustained by the evidence. It is fair to say, however, that the trial judge testified that he requested attorneys appearing for petitioner's co-defendant to represent petitioner also and assumed that they had undertaken the defense. This is important, not only as indicating that the trial judge was under the mistaken impression that the petitioner was represented by counsel, but also as evidencing the judgment of the trial judge that the case was one in which counsel should have been appointed. Petitioner did not take the stand and testify; and a reading of his testimony in the court below satisfies us that it probably would have been to his advantage to do so. That he did not do so, may have been due to the fact that he had no attorney to advise him. The attorneys appearing in the case represented the other defendant on trial, who was with

petitioner when the stolen property was disposed of; and the testimony of petitioner in the U. S. District Court below was to the effect that this other defendant and a woman who was with him had the property and disposed of it and that petitioner was merely riding with them in a car which belonged to the woman. There was, thus, a clear conflict of interest between the petitioner and the other defendant; and, even if the judge had appointed counsel for the other defendant to represent petitioner and counsel had accepted the appointment, it is doubtful whether this would have been sufficient. Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680.

The prosecuting attorney waived the death penalty, but the jury fixed the maximum sentence of imprisonment that the statute allowed; and the judge allowed the verdict to stand, although he testified in the court below that, if jury trial had been waived, he would not have given petitioner a sentence of more than two years. It is significant that, under the Virginia statute, jury trial could not have been waived unless the accused had been represented by counsel. Code sec. 4776 as amended by the Act of 1940, c. 218, p. 345. If he had been represented by counsel, jury trial might have been waived, and, at all events, counsel might have properly presented a motion to set aside a verdict carrying a sentence so greatly in excess of what the trial judge considered proper.

There can be no question but that the sentence imposed upon petitioner was altogether disproportionate to the crime charged against him. This of itself would not, of course, entitle him to relief under habeas corpus; but it gives color to the charge that he has not had the fair trial which the Constitution contemplates. That he has not had such trial becomes clear, we think, when the other circumstances are considered, viz., that petitioner was comparatively illiterate, was without funds to employ counsel and was without friends to aid him in his defense; that counsel was not appointed for him in a case of the gravest character, where the circumstances were such as to make the aid of counsel imperative; that he was denied a continuance and placed on trial on the day immediately following the return of the indictment when the serious charge of burglary was first made against him; and that the verdict, carrying the maximum sentence of imprisonment, was allowed to stand, notwithstanding the evidence left room for doubt whether the crime of burglary had technically been made out and notwithstanding the moral guilt involved was, in any aspect of the case, nothing more than that attaching to petty larceny, for which the judge himself thought that a sentence of two years would be sufficient.

Under these circumstances, we do not think that it can be said that the petitioner has been accorded due process of law as guaranteed by the 14th Amendment to the Constitution. While he has had the outward form of a trial, he has been denied the opportunity of having his defense really presented. The trial and sentence of the state court must accordingly be held for naught. Powell v. Alabama, supra; Smith v. O'Grady, supra; Boyd v. O'Grady, supra. This does not mean, however, that petitioner may escape further punishment under the bill of indictment returned against him. While the conviction and sentence under the bill must be held to be void and the prisoner released from further service of the sentence, he will be subject to arrest and trial under the indictment. The defense of prior jeopardy will not protect him, for in holding that the trial was a nullity, we hold that he has not been in jeopardy under the charge. It is settled that an accused is not put in jeopardy by a void judgment of conviction, and that upon his discharge thereunder he may be again arrested and prosecuted. Bryant v. United States, 8 Cir. 214 F. 51; Ogle v. State, 43 Tex. Cr.R. 219, 63 S.W. 1009, 96 Am.St.Rep. 860 and note at page 870; State v. Bates, 22 Utah 65, 61 P. 905, 83 Am.St.Rep. 768; Marshall v. State, 73 Tex.Cr.R. 531, 166 S.W. 722, L.R.A.1915A, 526 and note; 16 C.J. p. 258; 22 C.J.S., Criminal Law, § 266, p. 402. In directing the release of the petitioner from the penitentiary, therefore, the Court should direct that he be delivered to the officers of the State of Virginia to answer the charge contained in the indictment. Bryant v. United States, supra; In re Bonner, 151 U.S. 242, 14 S.Ct. 323, 38 L.Ed. 149. In the future handling of the case, the Virginia authorities will doubtless take into consideration the fact that the petitioner has served nearly two years under the conviction that we hold to be a nullity.

Reversed.