Edward Morgan MacKENNA, Appellant,

v.

O. B. ELLIS, Director, Texas Department of Corrections, Appellee.

No. 18110.

United States Court of Appeals
Fifth Circuit.

May 2, 1961.

Martin L. C. Feldman, New Orleans, La., Edward Morgan MacKenna, Austin, Tex., for appellant.

John L. Estes, Linward Shivers, Tom I. McFarling, Asst. Attys. Gen., for appellee.

Before TUTTLE, Chief Judge, and HUTCHESON, RIVES, CAMERON, JONES, BROWN and WISDOM, Circuit Judges.

PER CURIAM.

On the Court's own motion, our decision reported as MacKenna v. Ellis, 5 Cir., 1960, 280 F.2d 592, has been considered on rehearing before the Court *en banc.* The opinion and decision are modified in one respect only.

In lieu of the directions at the conclusion of the opinion as quoted in the margin,[1] the following is substituted:

The judgment is therefore reversed nd the cause remanded with directions to grant the writ, vacate the judgment of conviction, and make such disposition of the petitioner as law and justice may require at the time of the entry of the final order.[2]

Reversed and remanded with directions.

HUTCHESON, Circuit Judge (dissenting).

When MacKenna was here on his first appeal from the order of the district judge, denying his petition for habeas corpus as without merit on its face, I dissented from the opinion of the majority, reported in 5 Cir., 263 F.2d 35, which, reversing the judgment, required the district judge to hold a hearing on the facts. In that dissent I pointed out that, as plainly appeared from the statement of them in the opinion, the claims asserted were merely claims of error which under settled law in this circuit and elsewhere must be asserted not by habeas corpus but by appeal, and that, as grounds for the extraordinary relief of habeas corpus, they were wholly insufficient, indeed patently frivolous. I pointed out also, as strongly as I could that this was another of the growing number of cases in which federal appellate courts, asserting a kind of moral and legal superiority over state courts and the proceedings in them in respect to criminal trials which they do not have, seek to exercise a suzerainty and hegemony over state courts which, under our federal system they do not in law have and, if we are to continue to preserve and hold to our federal system, they cannot in law and in fact exercise.

Now when MacKenna is here again, the appeal this time from a full trial of the issues tendered in the district court and with a thoroughgoing opinion by the district judge finding the appellant's claim in fact without support in the evidence, I am the more convinced that, as a profound believer in the federal constitutional principles which have long governed and which, despite the inroads apparently made on them by some of the decisions of the Supreme Court, still

1. "The judgment is therefore reversed and the cause remanded with directions to grant the writ and discharge the petitioner. See 28 U.S.C.A. § 2106.
"Reversed and Remanded with directions." 280 F.2d at pages 604, 605.

2. See 28 U.S.C.A. § 2106; United States ex rel. Almeida v. Baldi, 3 Cir., 1952, 195 F.2d 815, 825, 33 A.L.R.2d 1407; Mitchell v. Youell, 4 Cir., 1942, 130 F.2d 880, 882; 15 Am.Jur., Criminal Law, § 364; 25 Am.Jur. Habeas Corpus, § 157; 22 C.J.S. Criminal Law §§ 266, 267; 39 C.J.S. Habeas Corpus § 102.

govern us, I must again dissent in order to point out for the benefit of those who, as I do, still believe in our federal system of government and the principles which underlie it, the complete abandonment of those principles, as they affect the relation of state and federal courts, evidenced by the opinion and action of the majority of the court in this case.

My purpose here, then, will be, reaffirming my earlier dissent and approving and adopting the dissenting opinion of Judge Cameron, 280 F.2d at page 605 et seq., to assert as strongly and show as well as I can, that the opinion of the majority in this case, reported in 280 F.2d at page 592, declining to accept the findings and reversing the judgment of the district judge, is contrary to established federal constitutional principles.

I realize that its free and easy approach to the exercise of a supervisory jurisdiction which, under settled principles, is prohibited and denied to the federal courts,[1] the majority feels that it is exercising a kind of supernal power which, deriving from some source not made clear, authorizes the court to abandon the principles governing relief by habeas corpus and enables, indeed requires, it to afford a state prisoner, held under a judgment of a state court, the right and opportunity to retry his case and secure relief in the federal courts on mere allegations that error was committed on his trial.

Thus the majority opinion in this case in effect holds that the mere complaint by the applicant that he has been deprived of due process puts the burden on the state to show affirmatively that he has not been so deprived. In short, speaking from the ivory tower of the federal court of appeals, the majority rejecting the careful and considered findings of the district judge that the claims made are not supported by the evidence, declares in effect that the trial in the state court is rendered nugatory and invalid by the mere attack upon it, a view which, with deference, reverses the real position of state and convict in a case where a prisoner has been tried and convicted and is held under a final judgment of a state court of admitted criminal jurisdiction, which judgment has been affirmed on appeal by the highest state criminal court.

The majority, recognizing and declaring that there is general abuse of federal habeas corpus by state prisoners, yet in effect condones and extends that abuse by reversing the considered findings of the district judge entered after a full hearing before him where he had opportunity to consider and determine and did consider and determine the credibility of the witnesses and the truth of the claims made by the applicant. In the face of these findings, the majority opinion in effect proceeds upon the view that the mere attack upon established state court procedures places upon the state the burden of establishing, to the satisfaction of the appellate court, that the attack is ill-founded instead of upon the applicant to state and establish the facts necessary to entitle him to such relief.

Further, in its opinion the majority refuses to accept the effect of the undisputed facts that defendant was found in possession of recently stolen property and that no reasonably believable or even plausible explanation of such possession was given by him.

The district judge, on full evidence and on a record amply sustaining his findings, heard and determined against the appellant all the issues of fact put forward by him. The state made ample proof of MacKenna's guilt, and nothing that MacKenna complains of here proves or has any tendency to prove, that he was an innocent man, that, in short, he was unfairly convicted of something he did not do and, therefore, was deprived

---

1. Smith v. State of Alabama, 124 U.S. 465, 8 S.Ct. 564, 31 L.Ed. 508; Muller v. State of Oregon, 208 U.S. 412, 413, 28 S.Ct. 324, 52 L.Ed. 551.

# 930

of rights justifying relief by habeas corpus.

With great personal deference, I cannot refrain from saying that a reading and re-reading of the opinion in this case, originally reported in 280 F.2d 592, which, with the one exception noted in the majority opinion of the court en banc, is now adopted by it, shows that this is just another case of personal decreeing in which the judges writing the opinion have in effect taken as the reason for their action not settled legal principles but their feeling *that the defendant, an eight times recidivist, has been too severely punished, that is was given too long a sentence, a feeling which, possibly proper enough as a personal feeling, has no place in their judgment.* If state courts, on which the burden of most criminal litigation rests, must, as the majority seems to think, conduct their case in such a manner as to satisfy in each case the personal views of justice of particular federal judges who happen to review their proceedings, rather than so as to conform them to basic state and federal constitutional principles, the states and their courts will be indeed reduced to a parlous state, and the federal union will be no more.

In what I have said, I have not intended to be personally censorious. For my colleagues, as individuals, I have only the highest respect and affection. I have written what I have written under the pressure of the heavy feelings that what is done in this case must not be allowed to remain hidden under a bushel but must be brought clearly out into the open so that if the federal courts persist in reducing state courts to the low position to which the opinion reduces them, the Congress may see fit by more compelling legislation to come to the aid of both state and federal courts. Insisting that there is no warrant in the record for reversing the district judge's order denying the writ and that the judgment appealed from must be af-

firmed, I vigorously dissent from its reversal.

CAMERON, Circuit Judge, joins in the foregoing dissent.

JONES, Circuit Judge (dissenting).

I am not persuaded that the appellant was deprived of any right guaranteed to him by the Federal Constitution and so am unable to join in the conclusion that the District Court's judgment was erroneous. Nor am I convinced that, because more than half of his sentence has been served, this Court has the power to revise that sentence and terminate it by ordering the appellant to be discharged. The reasons for these views are set forth in the dissenting opinions of Judges Hutcheson and Cameron and need not be amplified here.