**Henry Nixon LUCAS,
Petitioner-Appellant,**

v.

**Louie L. WAINWRIGHT, etc.,
Respondent-Appellee.**

No. 79–1173
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Oct. 11, 1979.

Rehearing Denied Nov. 8, 1979.

---

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

**374**

Henry Nixon Lucas, pro se.

Michael J. Kotler, Asst. Atty. Gen., Tampa, Fla., for respondent-appellee.

Before BROWN, Chief Judge, KRAVITCH and JOHNSON, Circuit Judges.

PER CURIAM:

Petitioner Henry Nixon Lucas appeals from the denial of his petition for habeas corpus, 28 U.S.C. § 2254, in the United States District Court for the Middle District of Florida. Lucas contends that his current incarceration in the Florida state penal system is in violation of the Sixth and Fourteenth Amendments to the United States Constitution because of ineffective assistance of counsel he received during his state court trial. The assertion is without merit and we affirm the district court.

On September 1, 1971, Lucas was found guilty after a jury trial of breaking and entering with intent to commit a felony—grand larceny. He was sentenced to a prison term of fifteen years. The Florida Second District Court of Appeal on June 16, 1972, affirmed Lucas' conviction in a per curiam opinion. In September, 1977, Lucas filed a Rule 3.850 motion to vacate that was denied shortly thereafter. In February, 1978, the Florida appellate court affirmed the decision. Lucas filed in the district court the instant petition, which raised the same grounds as were raised in his state habeas petition. The district court denied Lucas' petition in November, 1978. Lucas timely filed requests for a certificate of probable cause and for leave to proceed in forma pauperis. A certificate of probable cause was issued in January, 1979.

In his original petition in the district court Lucas complained of ineffective assistance of counsel, insufficient evidence for conviction, improper instruction of the jury by the trial court, and an excessive sentence. In this appeal he raises only allegations of ineffective assistance of counsel. The other issues are therefore deemed abandoned. *Gortham v. Wainwright*, 588 F.2d 178, 179 (5th Cir. 1979).

Lucas argues that trial counsel was ineffective because (1) he conferred with Lucas only on the day of the trial, (2) he made no effort to establish Lucas' defense that he could not have entered the scene of the crime as was charged because he was too large to fit through the attic vent, (3) he did not establish the value of the property taken, and (4) he failed to object to prejudicial remarks made by the judge and prosecuting attorney.

A review of the trial transcript clearly reveals that Lucas was represented by "counsel reasonably likely to render and rendering reasonably effective assistance" as required under *MacKenna v. Ellis*, 280 F.2d 592, 599 (5th Cir. 1960), *modified* 289 F.2d 928, *cert. denied* 368 U.S. 877, 82 S.Ct. 121, 7 L.Ed.2d 78 (1961). *See United States v. Guerra*, 588 F.2d 519, 521 (5th Cir. 1979); *United States v. Alvarez*, 580 F.2d 1251, 1254 (5th Cir. 1978). Lucas' allegation that his attorney was ineffective by failing to bring out the fact that he could not fit through the opening in the roof is belied by his testimony at trial that he did not come in through the roof but rather hid behind a refrigerator after entering the building at closing time. The size of the opening, 24 by 30 inches, was testified to by one of the owners of the store. The owner also stated that upon locking up the store for the night he checked behind the refrigerator and saw no one. A photograph of the back of the store showed a chair outside the building just below where the attic vent had been broken out. Further, under Florida law, breaking and entering constitutes the same crime as entering without breaking. *Roberts v. State*, 320 So.2d 832, 834 (Fla.Dist.Ct. App.1975).

Lucas also alleges that the value of the property in question was not established. However, another owner of the store testified that the trousers were valued at $480

and would have retailed for approximately $800.

Petitioner's third allegation is that counsel failed to object to prejudicial remarks made by the prosecutor in closing. According to Lucas the remarks were to the effect that he had confessed. Although the prosecutor's closing argument is not in the record on appeal, in effect Lucas did confess since he admitted hiding in the building and remaining there. As we noted above, under Florida law entering without breaking is the same crime as breaking and entering. *Roberts v. State, supra.*

Finally, Lucas contends that his attorney was ineffective in failing to object to a jury instruction that breaking and entering was "commonly called entering without breaking." However, since the trial court properly instructed the jury on the elements of the offense no error was committed.

Under the standard of *MacKenna v. Ellis,* 280 F.2d 592, 599 (5th Cir. 1960), *modified* 289 F.2d 928, *cert. denied* 368 U.S. 877, 82 S.Ct. 121, 7 L.Ed.2d 78 (1961), Lucas clearly received effective assistance of counsel.

AFFIRMED.