UNITED STATES of America,
Plaintiff–Appellee,

v.

Robert GUERRA, Defendant–Appellant.

No. 80–1304
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.
Unit A

Oct. 16, 1980.

---

Baker & Botts, Lee L. Kaplan, Court–appointed, Houston, Tex., for defendant–appellant.

LeRoy Morgan Jahn, Arthur D. Porcella, Asst. U. S. Attys., San Antonio, Tex., for plaintiff–appellee.

Before BROWN, POLITZ and TATE, Circuit Judges.

PER CURIAM:

Petitioner, Robert Guerra, appeals District Court's denial of his § 2255 motion. He asserts trial counsel was defective because his counsel (i) failed to advise him that his letter to the Judge contained an incriminating statement, (ii) did not conduct an adequate investigation of the case, (iii) did not cross–examine the Government's key witness regarding discrepancies in her pretrial statement, and (iv) failed to timely petition for certiorari. Concluding Guerra's allegations are without merit, we affirm his conviction.

I.

Guerra was convicted, after a jury trial, of distribution of heroin in violation of 21 U.S.C. § 841(a)(1). He was sentenced to twelve years and a ten year special parole term. On direct appeal, Guerra urged the District Court erred in refusing to disclose the identity of the informant and in failing to give an instruction on the credibility of the key government witness, Montez. The conviction was affirmed on appeal by this Court. *United States v. Guerra*, 535 F.2d 658 (5th Cir. 1976), *cert. denied*, 429 U.S. 1046, 97 S.Ct. 753, 50 L.Ed.2d 760 (1977). A motion for reduction of sentence was denied.

In September 1977, Guerra filed a § 2255 petition alleging he had received ineffective assistance of counsel on numerous grounds. The United States Magistrate recommended the petition be dismissed without an evidentiary hearing. District Judge Spears reviewed the Magistrate's findings and also concluded relief was not warranted. On appeal, this Court reversed and remanded for a hearing on the allegations, particularly the one dealing with admission of Guerra's note to the Judge in which he appeared to be incriminating himself. *United States v. Guerra*, 588 F.2d 519 (5th Cir. 1979).

The Magistrate presided over the hearing in which Guerra, his previous attorney, Hernandez, who had been privately retained by Guerra, and the prosecutor, testified. After reviewing the testimony of the trial and the

hearing, the Magistrate concluded Guerra had received effective assistance of counsel and was not entitled to relief. On objections to the report, Judge Spears agreed with the Magistrate and denied relief. Guerra again appeals.

When Guerra was arrested he was placed under $100,000 bond. A bond reduction hearing was held at which time Guerra read a letter he had written to the Court pleading for mercy because of his children. The penultimate sentence in the letter states, "I just want to be with my children before you must send me where you must." At trial, the letter was admitted and the prosecutor made reference to it in closing argument. Guerra now claims this was tantamount to a confession, and counsel should have opposed admission of the letter.

Guerra also alleges counsel was ineffective because he did not adequately investigate the case, nor call or talk to certain witnesses suggested by Guerra. Finally, Guerra asserts counsel did not adequately cross–examine Montez about her pretrial statement in which she testified the heroin sale took place in the yard, in contrast to her trial testimony when she said it took place in the vacant house next to Guerra's.

II.

The Sixth Amendment guarantees a defendant in a federal criminal trial the right to "counsel reasonably likely to render and rendering reasonably effective assistance." *MacKenna v. Ellis*, 280 F.2d 592, 599 (5th Cir. 1960), *modified*, 289 F.2d 928, *cert. denied*, 368 U.S. 877, 82 S.Ct. 121, 7 L.Ed.2d 78 (1961). Where the defendant in a state trial is represented by retained counsel, in order to establish a constitutional violation, it must be shown retained counsel performed so poorly as to render the proceedings fundamentally unfair as a denial of due process or the incompetency of retained counsel was so obvious that a reasonably attentive government official connected with the criminal proceeding should have been aware of it and could have taken corrective action. *Fitzgerald v. Estelle*, 505 F.2d 1334, 1337 (5th Cir. 1974) (en banc),

*cert. denied*, 422 U.S. 1011, 95 S.Ct. 2636, 45 L.Ed.2d 675 (1975). *See also Cuyler v. Sullivan*, —— U.S. ——, ——, 100 S.Ct. 1708, 1715, 64 L.Ed.2d 333, 343 (1980).[1]

■ At the § 2255 hearing, Hernandez was interrogated by Guerra's counsel. This revealed that at the bond hearing Hernandez made clear to the Magistrate that he had not written the letter and had indeed opposed Guerra sending it. To questions at the § 2255 hearing, his position was that the brief statement in the letter admitted at trial was not bad or incriminating since it was ambiguous and could be read to mean that Guerra would have to stay in jail without bond and the letter was a plea for sympathy. The prosecutor, answering argumentative questions as a witness, acknowledged his use of the letter and its possible incriminating nature. The proceedings were not fundamentally unfair. Hernandez' failure to object to the introduction of this ambiguous reference did not so infect the trial with unfairness as to make the resulting conviction a denial of due process. *Jones v. Estelle*, 622 F.2d 124, 127 (5th Cir. 1980). There was ample evidence connecting Guerra with heroin, indeed he acknowledged he was a heroin addict and was using heroin the night of the alleged transaction. In view of the whole record, the ambiguous statement in the letter and its admission cannot be said to have rendered the proceedings fundamentally unfair.

Guerra next complains Hernandez was not adequately prepared for trial, that he met with him only a few times, that Hernandez did not discuss the case, and he refused to call or subpoena certain suggested witnesses. At the § 2255 hearing, Guerra testified he saw Hernandez only three times prior to trial, and the only time they discussed the facts of the case, they were constantly interrupted by the telephone. Hernandez testified he saw Guerra numerous times prior to trial, at least ten to fifteen times. He stated he went to Guerra's house, the scene of the crime, and talked to him there. Guerra alleged he suggested certain witnesses who could show Montez and her husband were out to get him. Hernandez stated he did not call these people because, with the case basically a swearing match between Guerra and Montez, these witnesses were antagonistic to Guerra. Hernandez pointed out the problem of calling a witness whose testimony could hurt the defense because it is unknown. The trier of fact could properly credit, as he did, Hernandez rather than Guerra.

■ The burden is on Guerra to allege and establish facts showing counsel's failure to call witnesses rendered his trial fundamentally unfair. *Coon v. United States*, 441 F.2d 279 (5th Cir. 1971), *cert. denied*, 404 U.S. 860, 92 S.Ct. 160, 30 L.Ed.2d 103 (1971). Complaints concerning uncalled witnesses impose a heavy showing since the presentation of testimonial evidence is a matter of trial strategy and often allegations of what a witness would have testified to are largely speculative. *Buckelew v. United States*, 575 F.2d 515, 521 (5th Cir. 1978). None of the alleged witnesses were called at the § 2255 hearing and no one knows what they would have testified to. All we have is what Guerra says they would have said.

■ Guerra complains Hernandez was not effective in his cross-examination of Montez because he did not point out the discrepancy as to the location of the transaction between her pretrial statement and her trial testimony. In the statement she acknowledged Guerra sold her heroin in his front yard, while at trial she testified the transaction took place in the vacant house next door to Guerra's. This minor discrepancy was of little consequence since Guerra admitted a heroin transaction took place, though he claimed Montez gave him heroin. Again, this was a matter of trial strategy. *Buckelew*, 575 F.2d at 521.

---

1. See especially footnote seven in *Cuyler* citing *Fitzgerald* and Judge Godbold's dissent for support that the State unconstitutionally deprives the defendant of his liberty upon obtaining a criminal conviction through such a trial. —— U.S. at ——, 100 S.Ct. at 1715, 64 L.Ed.2d at 343.

Guerra's final allegation is Hernandez did not carry out his wishes to appeal the case to the highest court possible. Hernandez testified it was his understanding the original purpose was to go to the Fifth Circuit and no further. A petition for certiorari was eventually filed and denied. *United States v. Guerra,* 429 U.S. 1046 (1977). There is no indication in the record why the petition was denied. The judgment denying Guerra's § 2255 motion was correct.

AFFIRMED.