Michael Westly JONES,
Petitioner–Appellant,

v.

W. J. ESTELLE, Director, Texas
Department of Corrections,
Respondent–Appellee.

No. 80–1574
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.
Unit A

Dec. 8, 1980.

Michael W. Jones, pro se.

Mark White, Atty. Gen., Austin, Tex., for respondent–appellee.

Before BROWN, POLITZ and TATE, Circuit Judges.

POLITZ, Circuit Judge:

Jones, a Texas prisoner, appeals *pro se* from denial of his petition for habeas corpus pursuant to 28 U.S.C. § 2254. He urges two claims: (1) ineffective assistance of counsel and (2) improper jury verdict occasioned by the signing of the punishment verdict by a foreman other than the one selected during the guilt–innocence phase of the trial. Because neither claim possesses sufficient substance to warrant overturning the denial of habeas relief, we affirm.

Jones was convicted by a jury of the offense of robbery by assault and was sentenced to 99 years of imprisonment. His conviction was affirmed on direct appeal by the Texas Court of Criminal Appeals. *Jones v. State*, 453 S.W.2d 507 (Tex.Crim. App.1970). Jones' application for a writ of habeas corpus was subsequently denied by the Texas Court of Criminal Appeals with-out written order. He now seeks federal habeas relief.

### Deprivation of Effective Assistance of Counsel

Jones cites five instances of inadequate pretrial investigation and preparation by his attorney, and fourteen instances of alleged ineffective assistance stemming from counsel's conduct of the trial. The constitutional right to effective counsel is enunciated in *MacKenna v. Ellis*, 280 F.2d 592 (5th Cir. 1960), *modified*, 289 F.2d 928, *cert. denied*, 368 U.S. 877, 82 S.Ct. 121, 7 L.Ed.2d 78 (1961), which sets forth the standard against which the validity of each allegation must be evaluated. The *MacKenna* court stated:

> We interpret the right to counsel as the right to effective counsel. We interpret counsel to mean not errorless counsel, and not counsel judged ineffective by hindsight, but counsel reasonably likely to render *and rendering* reasonably effective assistance.

*Id.* at 599 (emphasis in original). *See also Hill v. Wainwright*, 617 F.2d 375 (5th Cir. 1980).

Jones' trial attorney was retained, not court appointed. Although there were some earlier expressions of varying views, the Supreme Court has now made clear that the right to effective assistance of counsel guaranteed by the Sixth Amendment, and made applicable to the states through the Fourteenth Amendment, is the same whether counsel is appointed or retained. In *Cuyler v. Sullivan*, 446 U.S. 335, 344, 100 S.Ct. 1708, 1716, 64 L.Ed.2d 333 (1980), the Court stated:

> A proper respect for the Sixth Amendment disarms petitioner's contention that defendants who retain their own lawyers are entitled to less protection than defendants for whom the State appoints counsel.... The vital guarantee of the Sixth Amendment would stand for little if the often uninformed decision to retain a particular lawyer could reduce or forfeit the defendant's entitlement to constitutional protection.... [W]e see no ba-

sis for drawing a distinction between retained and appointed counsel....

In reaching its decision the Supreme Court quoted with approval the following expressions by the Third Circuit in *United States ex rel. Hart v. Davenport*, 478 F.2d 203, 211 (1973):

> A rule which would apply one fourteenth amendment test to assigned counsel and another to retained counsel would produce the anomaly that the nonindigent, who must retain an attorney if he can afford one, would be entitled to less protection.... The effect upon the defendant–confinement as a result of an unfair state trial–is the same whether the inadequate attorney was assigned or retained.

446 U.S. 335, 345, 100 S.Ct. 1708, 1716, 64 L.Ed.2d 333. *Cf. Clark v. United States*, 606 F.2d 550 (5th Cir. 1979) (indicating a more stringent test is to be applied when counsel is retained).

■ With regard to counsel's handling of the case, none of Jones' allegations are supported by the record, nor is there a hint of prejudice on which a Fourteenth Amendment due process deprivation can be founded. Most of Jones' complaints come within the amorphous zone known as "trial strategy" or "judgment calls." The burden of proof is on the petitioner in a habeas corpus proceeding, *Swain v. Alabama*, 380 U.S. 202, 226–27, 85 S.Ct. 824, 830, 13 L.Ed.2d 759 (1965); *Rhodes v. Estelle*, 582 F.2d 972, 973 (5th Cir. 1978). We decline to evaluate the propriety of trial counsel's actions with the aid of the refractive correction of hindsight. It is incumbent upon Jones to provide us with evidence supportive of a federal constitutional deprivation correctable by issuance of the Great Writ.

■ We briefly review Jones' allegations of ineffectiveness which purportedly go to the essence of his defense. First, Jones claims that his counsel did not obtain a photograph of his (Jones') truck in order to challenge an adverse witness' identification of the truck at the scene of the robbery. The photograph was not introduced because the state's case probably would have been bolstered if the eye–witness, who had previously described a truck at the scene of the crime that matched that owned by Jones, identified the truck in the photo as the same one she saw at the scene. Second, in an effort to substantiate his claim that counsel failed to aggressively advocate his alibi defense, Jones points to counsel's failure to spend sufficient time with him to coordinate that defense, and counsel's failure to subpoena or otherwise call his principal alibi witnesses.

It is axiomatic that "the brevity of time spent in consultation, without more, does not establish that counsel was ineffective." *Jones v. Estelle*, 622 F.2d 124, 127 (5th Cir. 1980). *See also Carbo v. United States*, 581 F.2d 91, 93 (5th Cir. 1978) ("brevity of time ... is only a factor to be considered in the totality of the circumstances"). Moreover, the record contains no indication that counsel did not devote sufficient time to insure an adequate defense. With respect to counsel's failure to issue subpoenas, the principal alibi witnesses were the parents of Jones, both of whom were present at trial. His father testified; his mother was not called because her memory of the time was vague. Jones' wife was not called because she could not verify his whereabouts at the time the crime was committed. *See United States v. Johnson*, 615 F.2d 1125 (5th Cir. 1980) (decision not to call a witness was part of defense strategy and did not constitute ineffective counsel). As to the other alibi witnesses, Jones did not know their names, and was only able to give counsel possible locations where they might be found. Counsel's efforts to locate the witnesses at those locations were unsuccessful.

Brief reference is made to several other allegations made by Jones which frequently appear in cases in which the claim of ineffective assistance of counsel is raised. Five of the allegations relate to counsel's failure to object to questions posed by the prosecution. In each instance the question asked was within the scope of appropriate direct or cross–examination. Furthermore, in *Jones v. Estelle, supra*, we held that counsel's failure to object to improper remarks by a prosecutor is not ineffective assistance

unless the remarks are so prejudicial as to render the trial fundamentally unfair.

The remainder of the alleged indicia of ineffectiveness of counsel are equally without merit. For example, the complaint about the defense calling as a witness one of the robbery victims was properly found by the magistrate to be a defensible trial tactic. We agree. A further example, Jones faults counsel for failing to request jury instructions, but does not allege that any of the instructions given were erroneous or that a necessary instruction was not given. *See Lucas v. Wainwright,* 604 F.2d 373 (5th Cir. 1979) (where jury has been properly instructed, failure of counsel to object to an instruction is not error). *See also United States v. Carter,* 566 F.2d 1265 (5th Cir.), *cert. denied,* 436 U.S. 956, 98 S.Ct. 3069, 57 L.Ed.2d 1121 (1978) (failure to request a jury instruction not considered ineffective assistance of counsel). After reviewing the totality of the claims asserted by Jones, we cannot say that the district court erred in denying his petition based on ineffective assistance of counsel.

### Change in Jury Foreman–Effect on the Verdict

■ Our conclusion that Jones' counsel was not ineffective necessitates consideration of Jones' remaining novel claim that the jury verdict was improper because the penalty verdict was signed by a foreman other than the one selected during the guilt phase of the trial. Apparently the first intimation Jones had of the change in foreman was sometime after his trial. In fact, there is no indication that the trial judge was made aware of the change in foreman. Although this occurrence may be less than commonplace, we do not agree with the interpretation of Texas law advanced by Jones.

The foreman selection statute, Texas Code Crim.Proc.Ann. art. 36.26 (Vernon), merely provides, in full: "Each jury shall appoint one of its member foreman." Similarly, the crux of Jones' position, based on the holding in *Elizaldi v. State,* 519 S.W.2d 881 (Tex.Crim.App.1975), does not withstand analysis. The holding in *Elizaldi* was premised on Texas Code Crim.Proc.Ann. art. 36.27 (Vernon), which dictates the method whereby a jury may communicate with the court. Neither statute requires court approval of the selection of the original or replacement foreman. Nor is there a statutory requirement that a defendant be informed of the foreman selection or re-selection.

Even if Texas law did require such approval or notice to a defendant, we nevertheless conclude that Jones' complaint about the change in jury foreman from the guilt phase to the penalty phase of the trial, in the context here presented, does not rise to the level of a due process violation. "A state court's failure to follow its own procedural rules does not of itself raise a federal constitutional question cognizable in habeas corpus." *Van Poyck v. Wainwright,* 595 F.2d 1083, 1086 (5th Cir. 1979), *citing Bell v. Estelle,* 525 F.2d 656, 657 (5th Cir. 1975).

Jones presents no basis justifying relief under 28 U.S.C. § 2254. The judgment of the district court is AFFIRMED.