**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Robert Gilbert BURROUGHS, Defendant-Appellant.**

**No. 80-7633 Summary Calendar.**

United States Court of Appeals, Fifth Circuit. Unit B

July 13, 1981.

Rehearing Denied August 12, 1981.

---

596

Sally A. Frick, G. William Bills, Jr., Pittsburgh, Pa., for defendant-appellant.

Holly L. Wiseman, Birmingham, Ala., for plaintiff-appellee.

Before RONEY, FRANK M. JOHNSON, Jr. and HENDERSON, Circuit Judges.

PER CURIAM:

Robert Gilbert Burroughs appeals from the denial of his motion to vacate his sentence filed pursuant to 28 U.S.C. § 2255 (1971) on June 13, 1980. The district judge denied the motion without hearing and without requiring a response from the United States, because the files and records of the court conclusively established that Burroughs was not entitled to relief.

Burroughs and two other persons, Kim Rogers and Robert Lee Trammell, were charged in a one-count indictment with bank robbery in violation of 18 U.S.C. § 2113(a), (d) (1970). The bill did not include a conspiracy count. At arraignment, an attorney was appointed to represent both Burroughs and Rogers.[1] The United States magistrate at that time cautioned the appointed counsel to disclose any conflict of interest so that a separate attorney could be appointed if necessary.

Prior to the trial, defense counsel filed a motion to sever, alleging prejudicial misjoinder because Rogers had no prior record and would be unfairly affected by association with Burroughs who had an extensive criminal record. Attorney conflict of interest was not cited as a ground for severance. (Record Vol. II at 6). The motion was denied. Midway through the trial, the appointed attorney renewed his motion to sever, contending that the joint trial was burdensome to him as well as prejudicial to the

defendants. He refused to categorize his difficulty as a "conflict of interest", however. Once again, the trial judge refused to grant the motion. Thereafter, Melva Surels, owner of the automobile used during the robbery testified that Rogers told her "Luke [McAdory, deceased at the time of prosecution] and them [Burroughs and Trammell] robbed a bank in your car and left me in the car. . . ." (Record Vol. II at 135). Defense counsel voiced no objection to the admission of this evidence.[2] Neither Rogers nor Burroughs testified at the trial.

At the close of the government's case, the defendants' attorney again moved for a severance. The trial court informed him that the motion would be granted if it was based on a conflict of interest. The motion was denied when the appointed attorney reiterated that there was no conflict of interest. (Record Vol. II at 219–20).

■ On direct appeal, Burroughs contended that the failure to sever and the admission of hearsay testimony were reversible errors. In its unpublished per curiam opinion affirming the conviction, a panel of this court reasoned that the statement by Rogers to Surels was admissible as a conspirator's statement even though Burroughs and Rogers were not indicted for conspiracy in addition to the substantive count. *United States v. Mendoza*, 473 F.2d 692, 695 (5th Cir. 1972).[3] Because it found

---

1. At the time of trial, Trammell was a fugitive. He was later apprehended and pled guilty.

2. There was other substantial evidence connecting the defendants to the robbery. On the morning of the crime three black men had purchased toboggan knit caps like those worn by the robbers. Witnesses related that the defendants had tried on toboggans later at McAdory's grocery store. Rogers, Burroughs, McAdory and Trammell then left in a grey Vega automobile to "make a lick" (commit a robbery). During the investigation, Rogers' fingerprints were identified on a grey Vega, the license and physical features of which corresponded to that of the get-away vehicle as described by a bank customer. In the garbage receptacle behind McAdory's store, police found a sawed-off shotgun barrel, the sawed-off butt of a shotgun stock, three pompoms, a receipt and sack from the store where the toboggan caps had been purchased and a pair of

pantyhose with a knot in the top. (Record Vol. II at 104, 128–35,189–94).

3. Contrary to the appellant's representations, a situation analogous to *Bruton v. United States*, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968) does not exist here. In *Bruton*, the United States Supreme Court held that the admission of a declarant codefendant's confession which also inculpated Bruton and which was inadmissible hearsay with respect to Bruton violated his Sixth Amendment right of cross-examination. The confession was exacted during post-arrest questioning. By comparison, Rogers' statement was admissible against Burroughs as a coconspirator's statement made during the course of the conspiracy. Constitutional rights are not abridged by the admission of evidence falling within an exception to the hearsay rule.

the admission of this and other evidence to be proper, this court held that the failure to sever was not an abuse of discretion. Petition for writ of certiorari to the United States Supreme Court was denied. (Record Vol. I at 20).

The motion to vacate sentence filed by Burroughs in the district court enumerated nine grounds in support of his claim that he had been denied effective assistance of counsel at the trial and on appeal. Four of the allegations were not expressly argued on this appeal and are deemed by us to be abandoned. *See Mayberry v. Davis*, 608 F.2d 1070 (5th Cir. 1979); *Pate v. Wainwright*, 607 F.2d 669 (5th Cir. 1979); *Lucas v. Wainwright*, 604 F.2d 373 (5th Cir. 1979).

We turn our attention to the remaining five substantive grounds which allegedly buttress Burroughs' basic position that he received ineffective assistance of counsel. Specifically, the appellant urges that (1) counsel's representation of both defendants at trial adversely affected the adequacy of his representation, (2) the attorney failed to indicate his burden to the trial court until midway through trial, (3) counsel's multiple representation on appeal involved a conflict of interest adversely affecting his effectiveness, (4) he failed on appeal to assign as error the denial of the motion for severance when there was a *Bruton* problem and (5) his attorney failed on appeal to complain of the trial court's admission of the hearsay statements under the conspirator's exception when there was no conspiracy charged in the indictment. Burroughs also contends that the trial court's dismissal of his motion to vacate sentence without an evidentiary hearing was improper.

Generally, a defendant in a federal criminal trial has the right to "counsel reasonably likely to render and rendering reasonably effective assistance". *United States v. Alvarez*, 580 F.2d 1251, 1254 (5th Cir. 1978) *citing MacKenna v. Ellis*, 280 F.2d 592, 599 (5th Cir. 1960) *modified* 289 F.2d 928, *cert. denied* 368 U.S. 877, 82 S.Ct. 121, 7 L.Ed.2d 78 (1961) (emphasis omitted). His attorney's performance need not be error-free. Similarly, not all conflicting interests during representation offend the Sixth Amendment. Joint representation of codefendants is not per se unconstitutional. If the defendant has not objected to the adequacy of counsel at the trial, only the demonstration of actual conflict will be proof of the denial of effective assistance of counsel. *United States v. Freeman*, 619 F.2d 1112, 1122 (5th Cir. 1980) *cert. denied*, ___ U.S. ___, 101 S.Ct. 1348, 67 L.Ed.2d 334; *United States v. Fox*, 613 F.2d 99, 102 (5th Cir. 1980); *United States v. Alvarez*, 580 F.2d 1251, 1255 (5th Cir. 1978).

In the instant case, two factors contribute to Burroughs' inability to prove an actual conflict of interest adversely affecting the performance of his counsel. First, the attorney representing both defendants is in the best position, professionally and ethically, to evaluate when a conflict exists or is likely to develop during the trial. *Cuyler v. Sullivan*, 446 U.S. 335, 348, 100 S.Ct. 1708, 1718, 64 L.Ed.2d 333, 346 (1980). Here the defense lawyer's repeated declarations that he was laboring under no conflict are not impeached by the appellant's allegations that the defendants, as joined, did not have the benefit of effective assistance of counsel.[4]

Second, the severance and evidentiary rulings were upheld by this court on appeal. When an issue has been determined on direct appeal, the court need not reconsider it in a subsequent habeas corpus action. *United States v. Johnson*, 615 F.2d 1125, 1128 (5th Cir. 1980). Accordingly, we can but conclude that Burroughs' counsel made all reasonable efforts to challenge the

---

4. An attorney's talents are strained when his representation of one client makes effective advocacy for another impossible. Information from one client may exculpate another, yet to divulge it would be a breach of the first client's confidences. It was improbable that any communication from Burroughs or Rogers would have furthered the other's acquittal. If there was any prejudice to Burroughs at the trial, it resulted from the joinder of the defendants and the single presentation of evidence against both, not the joint representation of the defendants by one attorney.

trial court actions which were later recognized on appeal to be correct.[5] The appellant has failed to prove any actual conflict of interests which might have impaired his attorney's performance.

All evidence necessary to analyze the merit of the appellant's case was included in his brief and in the record. A review of this court's previous opinion and the testimony at the trial "conclusively show[s] that the prisoner is entitled to no relief". 28 U.S.C. § 2255 (1971). In circumstances such as this, when the petitioner's allegations are affirmatively contradicted by the record, an evidentiary hearing is not required. *United States v. Guerra*, 588 F.2d 519, 520 (5th Cir. 1979); *Holland v. United States*, 406 F.2d 213, 216 (5th Cir. 1969). As a result, notice and an opportunity to respond need not be given to the United States attorney. *Rush v. United States*, 559 F.2d 455, 459 (7th Cir. 1977); *Tremarco v. United States*, 412 F.Supp. 550, 551 (D.N.J. 1976). The district court did not err in refusing to hold an evidentiary hearing on the appellant's motion to vacate his sentence.

For the foregoing reasons, the order of the district court is AFFIRMED.

---

5. By "efforts" we refer to the attorney's three motions for severance. He was under no duty to object to the hearsay testimony since a reasonably effective lawyer would know that the statement falls within an exception to the hearsay rule.