[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
September 23, 2005
THOMAS K. KAHN
CLERK

_____

No. 04-16243
Non-Argument Calendar

_____

D. C. Docket No. 03-61616-CV-FAM

DERRICK WEST,

Petitioner-Appellant,

versus

SECRETARY FOR THE DEPARTMENT
OF CORRECTIONS,
James V. Crosby, Secretary,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(September 23, 2005)

Before CARNES, HULL and WILSON, Circuit Judges

PER CURIAM:

Derrick West, a Florida prisoner serving a life sentence for carjacking and

robbery with a firearm, appeals the district court's dismissal of his petition for habeas corpus, brought pursuant to 28 U.S.C. § 2254. We affirm.

## I.

On May 24, 1998, Donnell Lewis stood outside of a pawnshop and waited for his friends, Anthony Hicks and Corey McCutcheon, to redeem a bracelet that Hicks previously had pawned. While waiting, Lewis met Derrick West and David Spells and agreed to give them a ride in his car. When Hicks and McCutcheon came out of the pawnshop, all five men got into the car together. After they drove away from the pawnshop, West pointed a gun at Lewis and ordered him to drive to a nearby park. At the park, West and Spells robbed Hicks of his jewelry and two beepers and robbed Lewis of his wallet and car keys. Then West and Spells drove away in Lewis' car.

Several days later, West attempted to pawn Hicks' bracelet at the same pawnshop where Hicks had previously pawned it. Jeff Kellychian, the pawnbroker, recognized the bracelet, refused service, and ordered West out of the store.

Lewis' car was recovered and fingerprinted. One of the fingerprints matched David Spells'. On June 1, 1998, West was in the company of Spells when both were arrested on unrelated charges. Lewis positively identified West in a

photo array, and the state charged West with armed carjacking and armed robbery.

At trial, West was found guilty of one count of carjacking with a firearm of Lewis and two counts of robbery with a firearm of Lewis and Hicks. (He was acquitted of robbery with a firearm of McCutcheon.) In July 1999, West was sentenced to three concurrent life terms as a habitual offender and as a prison releasee reoffender.

In 2003, West filed a 28 U.S.C. § 2254 petition for a writ of habeas corpus. In his petition, West raised five claims:

1. His right to a fair trial was violated when the trial court overruled his objection to a detective's comment during cross-examination that the detective had met West in the "stockade."

2. Trial counsel was ineffective in failing to call victim Donnell Lewis as a defense witness at trial.

3. Trial counsel was ineffective in failing to call West's girlfriend, Shernette Thomas, as an alibi witness at trial.

4. Trial counsel was ineffective in failing to fully impeach state witness Jeff Kellychian.

5. Trial counsel was ineffective in failing to challenge as racially discriminatory the state's peremptory strike of juror Manheimer.

The district court dismissed West's petition. The court determined, among other things, that the decision not to call Lewis as a defense witness was reasonable because no competent evidence established that Lewis was available to testify or

3

that his testimony would have been favorable to the defense.

The court also concluded that defense counsel's failure to raise a Batson v. Kentucky, 476 U.S. 79, 106 S. Ct. 1712 (1986), challenge to the striking of prospective juror William Manheimer, who is African American, did not constitute ineffective assistance of counsel. The court found that a race-neutral reason existed for the prosecution's decision to strike Manheimer and that defense counsel made a tactical decision not to object to the strike on Batson grounds.

The district court's dismissal order stated that if West chose to appeal the decision, the court would issue a certificate of appealability only on the issue of counsel's alleged ineffectiveness in failing to call on of the victims, Lewis, as a witness. Despite this comment in the order dismissing his petition, when West filed an application for a certificate of appealability on all of the issues, the district court issued a general order granting West's application. The general order did not limit West's appeal to the issue of failing to call Lewis as a witness.

A court issuing a COA must "indicate which specific issue or issues," if any, warrant a COA. 28 U.S.C. § 2253(c)(3). This Court has held that when a district court fails to enumerate specific issues for appeal, we have discretion to "either remand to the district court with instructions to enumerate the issues, or we may rule which issues raised by the petitioner warrant a COA." Putnam v. Head, 268

4

F.3d 1223, 1227–28 (11th Cir. 2001). "The district court's failure to enumerate issues for appellate review does not deprive us of jurisdiction." Id.

To avoid delaying resolution of this appeal and for the sake of efficiency, we construe the order granting a COA to cover both of the issues that West raises in his brief. Those two issues are whether counsel rendered ineffective assistance of counsel: (1) by failing to call one of the victims, Lewis, as a defense witness at trial, and (2) by failing to challenge as racially discriminatory the state's peremptory strike of juror Manheimer. West argues that an evidentiary hearing should have been held on both issues.

## II.

West contends that it was ineffective assistance for his trial counsel not to call Lewis, who could not unequivocally identify West as the perpetrator of the crimes. Lewis had identified West in a photo lineup, but in a deposition taken six months prior to trial, Lewis stated that he was not one hundred percent certain about his identification. At a suppression hearing the week before trial, Lewis testified that he was not able to identify the carjackers and that a detective had pressured him to pick West in the lineup. Lewis said he could not identify West, who was seated at the defense table.

West argues that his counsel's failure to call Lewis as a defense witness

5

amounted to ineffective assistance because: (1) Lewis was certain in his suppression hearing that West was not one of the perpetrators; and (2) if his testimony on this matter had been presented, it would have discredited the identifications of other prosecution witnesses because Lewis had the longest contact with the robbers and was in a better position to identify them. West argues that had Lewis testified at trial, Lewis would have explained, as he did in his deposition, that his initial identification of West was the result of pressure from a detective.

When a federal court evaluates a state court's decision under 28 U.S.C. § 2254(d), a writ of habeas corpus should not be granted unless the state court decision "is 'contrary to' or is an 'unreasonable application of' 'clearly established' Supreme Court precedent." Hall v. Head, 310 F.3d 683, 690 (11th Cir. 2002) (quoting Williams v. Taylor, 529 U.S. 362, 391, 120 S. Ct. 1495, 1512 (2000)). A "district court's determination of whether the state court decision was reasonable—and thus whether counsel's performance passed constitutional muster—is subject to de novo review." Hall, 310 F.3d at 690.

To demonstrate ineffective assistance of counsel, a prisoner "must show that counsel's performance was deficient" and that "the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct.

6

2052, 2064 (1984).  To prove a deficient performance, the prisoner must show that counsel made errors so serious "that counsel's representation fell below an objective standard of reasonableness."  Chandler v. United States, 218 F.3d 1305, 1312 (11th Cir. 2000).  Judicial scrutiny of counsel's performance is highly deferential, and there is a strong presumption that counsel's conduct fell within the range of reasonable professional assistance.  Strickland, 466 U.S. at 689, 104 S. Ct. at 2065.

The prejudice component of the Strickland test for ineffective assistance of counsel requires a defendant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Strickland, 466 U.S. at 694, 104 S. Ct. at 2068.  A reasonable probability is one sufficient to undermine confidence in the outcome.  Id. at 693–94, 104 S. Ct. at 2067–68.  It is not enough for the defendant to show that the error had some conceivable effect on the outcome of the proceeding.  Id.

The district court did not err in denying West relief on his ineffective assistance of counsel claim relating to the failure to call Lewis as a defense witness.  See United States v. Guerra, 628 F.2d 410, 413 (5th Cir. 1980) ("Complaints concerning uncalled witnesses impose a heavy showing since the presentation of testimonial evidence is a matter of trial strategy and often

7

allegations of what a witness would have testified to are largely speculative").

The state presented other evidence sufficient to support the identification of West. Eyewitness testimony by Hicks, who was also a victim, positively identified West as the perpetrator. Kellychian, the pawnbroker, testified that West attempted to pawn a bracelet that Kellychian knew belonged to Hicks. Not only that, but testimony from Lewis that he could not identify West as the perpetrator of the crimes would have been subject to impeachment with his earlier identification of West in the lineup. Instead of calling Lewis as a defense witness, West's counsel argued in closing that the prosecution's failure to call Lewis as a witness meant that the prosecution had not carried its burden of proof. Accordingly, the state court's decision that West has failed to establish a reasonable probability of a different result if counsel had called Lewis as a witness is not contrary to, or an unreasonable application of, the federal law clearly established in Strickland, 466 U.S. at 694, 104 S. Ct. at 2068.

## III.

West also claims that his trial counsel was ineffective because he did not raise a Batson v. Kentucky, 476 U.S. 79, 106 S. Ct. 1712 (1986), objection to the peremptory challenge of prospective juror William Manheimer. During voir dire, the prosecution moved to strike Manheimer, who is African American, after

Manheimer stated that he had been arrested on two occasions for felony drug possession and that the prosecutors in his cases were "storm troopers."

Manheimer's statements during voir dire about his prior arrests and his feelings toward the prosecution in those cases establish that the state had a valid, race-neutral reason for its challenge. See Miller-El v. Cockrell, 537 U.S. 322, 351, 123 S. Ct. 1029, 1047 (2003) (finding prospective juror's brother's convictions for drug offenses a race-neutral reason for striking that juror); United States v. Alston, 895 F.2d 1362, 1367 (11th Cir. 1990) (classifying prior involvement with drug offenses as race-neutral).

Therefore, West failed to establish either that his counsel performed ineffectively in failing to object, Chandler v. Moore, 240 F.3d 907, 917 (11th Cir. 2001) (counsel is not ineffective for failing to raise a non-meritorious objection), or that there is a reasonable probability of a different result if counsel had objected. It follows that the state court decision to that effect is neither contrary to nor an unreasonable application of the federal law clearly established in the Strickland decision.

As our disposition of these claims indicates, the district court did not abuse its discretion in failing to hold an evidentiary hearing on these two claims.

**AFFIRMED.**

9