[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOV 09, 2010
JOHN LEY
CLERK

_____

No. 08-13569

_____

D.C. Docket  No. 06-00961-CV-T-17-MSS

MICHAEL SHANE FUQUA,

Petitioner-Appellant,

versus

SECRETARY, DEPARTMENT OF CORRECTIONS,
FL ATTORNEY GENERAL,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(November 9, 2010)

Before EDMONDSON, HILL and ALARCON,* Circuit Judges.

_____
        * Honorable Arthur L. Alarcon, United States Circuit Judge for the Ninth Circuit, sitting
by designation.

HILL, Circuit Judge:

Michael Shane Fuqua appeals the district court's denial of his petition for habeas corpus, pursuant to 28 U.S.C. § 2254. We issued a Certificate of Appealability on the following issues: (1) whether the district court erred in finding that trial counsel was not ineffective for failing to locate, investigate, or call two witnesses who would have testified that the perpetrator of the crime was a light-skinned Hispanic male; and (2) whether the district court erred in finding that trial counsel was not ineffective for failing to call a different witness who would have stated that the perpetrator was black?[1] After oral argument and careful review of the record and the briefs filed herein, we conclude that the district court's denial of the petition is due to be affirmed.

## I.

Fuqua was convicted by a jury of stabbing another man to death in a bar brawl involving many participants, most of whom were black. At his trial, government witnesses testified that they saw Fuqua near the victim, that the hand that held the knife was light-skinned, not black, that Fuqua hid his jersey worn that night and made inculpatory statements to a friend who later led officers to the

---

[1]This statement of the issues on appeal contains the inclusion of "investigate" in the first issue, added by the court by order dated August 19, 2010, to accurately reflect the issue Fuqua raised in state court and on which additional briefing was accepted.

jersey. The jury saw a videotape showing Fuqua in proximity to the victim and reaching into his pocket and putting his hand out, actions argued to be consistent with holding the murder weapon. The victim is seen lifting his shirt and the medical testimony was that the stabbing occurred close in time to Fuqua's actions.

Fuqua's defense rested on a theory of misidentification. His primary witness was Mark James, the promoter of the bar event at which the fight and murder took place. James testified that the perpetrator was black and shirtless. The videotape established, however, that the person James identified as the perpetrator was wearing a yellow shirt.

Fuqua's motion for postconviction relief in the state court claimed that trial counsel was constitutionally insufficient because she failed to investigate and present the testimony of three additional witnesses. Based upon police reports in the record, Fuqua alleged that two of these witnesses would have testified that the perpetrator of the crime was light-skinned or Hispanic, and the third that the perpetrator was black. Fuqua argued that this testimony would have furthered the defense theory of misidentification, and bolstered James' testimony that the assailant was black. The state court held an evidentiary hearing on the motion, but Fuqua failed to produce these witnesses and adduce their testimony as to what they would have said at trial. There is no evidence in the record that these

3

witnesses were unavailable.

In order to prevail on a claim of ineffective assistance of counsel, a petitioner must show that his counsel's performance was both deficient and prejudicial to his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In order to show deficient performance, the petitioner must show that not one reasonably competent attorney would have made the same allegedly deficient decision that trial counsel did. *Adams v. Wainwright*, 709 F.2d 1443, 1445 (11th Cir. 1983). To show prejudice, the petitioner must demonstrate that "there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. In the absence of prejudice, the court need not determine whether counsel's performance was deficient. *Id.* at 697.

The state court rejected Fuqua's claim as to the two witnesses who allegedly would have testified that the assailant was light-skinned or Hispanic, holding that Fuqua's "bare allegations" concerning the first two witnesses were insufficient to demonstrate material prejudice to his defense or even justify further inquiry. As to the third witness, the court found that trial counsel's decision not to call him was a strategic decision and not deficient performance. Accordingly, the court held that Fuqua was not entitled to any relief on his claim of ineffective assistance of

counsel.

Thereafter, Fuqua filed his federal habeas petition.

## II.

Under 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), federal courts may not grant habeas relief on any claim that was adjudicated on the merits by the state court, unless the adjudication resulted in a decision that was contrary to or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court; or resulted in a decision based on an unreasonable determination of the facts in light of the state court evidence. § 2254(d)(1) and (d)(2) (2009). *Berghuis v. Thompkins*, 130 S. Ct. 2250 (2010); *Johnson v. Upton*, 615 F. 3d 1318, (11th Cir. 2010).

The district court held that the failure to investigate or call the witnesses who told police that the perpetrator was light-skinned or Hispanic was a reasonable strategic decision because, if they so testified at trial, their testimony would have conflicted, and perhaps undermined, the testimony of the defense witness who said the perpetrator was black. As to the third witness, who might have testified that the perpetrator was black, the court held that this testimony was not only cumulative but similarly undercut by the state's evidence.

5

The district court held that the decision not to further investigate or call these witnesses at trial was an informed choice between reasonable alternatives. Trial counsel had the police reports, knew what the witnesses had said, and testified at the state evidentiary hearing that she concluded it was in her client's best interests not to call them. The district court concluded that strategic decisions, such as this one, do not support a conclusion of ineffective assistance of counsel. *See Strickland*, 466 U.S. at 689 ("[e]ven the best criminal defense attorneys would not defend a particular client in the same way").[2]

The district court also held that Fuqua's failure to "secure and adduce" any of these witnesses' testimony at the state hearing resulted in a "failure of proof" of *Strickland's* prejudice prong. Fuqua did not show, the district court observed, "that the proposed testimony of the individuals to whom he pointed would have credibly established he was not [the] perpetrator." In view of the state's strong evidence that "established he was the perpetrator," the district court concluded that it was objectively reasonable for the state court to conclude that there was no reasonable probability of a different outcome had the witnesses testified. Accordingly, even assuming there was deficient performance, there was no

---

[2]The district court conducted a *de novo* review of this claim because the state court decided the issue on the prejudice prong. *See Cone v. Bell*, 129 S. Ct. 1769 (2009); *Rompilla v. Beard*, 545 U.S. 374, 390 (2005).

resulting prejudice to Fuqua and he is entitled to no relief. We agree.[3]

Fuqua has failed utterly to demonstrate the prejudice he claims inured to his defense from counsel's decision not to investigate or call any of these three witnesses. His failure to adduce their testimony at the state evidentiary hearing has reduced the claim of prejudice to mere speculation. *See Sullivan v. Deloach*, 459 F.3d 1097, 1109 (11th Cir. 2006), citing *United States v. Guerra*, 628 F.2d 410, 413 (5th Cir. 1980) ("none of the alleged witnesses were called at the § 2255 hearing and no one knows what they would have testified to. All we have is what Guerra says they would have said"). Federal habeas relief cannot follow such speculation. Proof is required.

Furthermore, even if the witnesses had testified consistently with the police report information, it is not possible to conclude that the witnesses' testimony would have probably produced a different result, as required by *Strickland*. For example, the witnesses who Fuqua alleges would have testified to the light-colored skin perpetrator might have persuaded the jury of Fuqua's guilt. The

---

[3]Fuqua concedes that the state court adjudicated his claim regarding the witnesses who might have testified that the perpetrator was Hispanic on the prejudice prong. Therefore, the deferential AEDPA standard of review applies to this state holding.

As to the third witness who might have testified that the perpetrator was black, it is unclear whether the state court reached the prejudice prong. Accordingly, we shall assume that *de novo* review of the state court decision is required.

witness who Fuqua alleges would have testified the perpetrator was black, also, apparently, would have testified that the perpetrator was shirtless, even though this same witness had positively identified as the perpetrator a black man wearing a shirt at the time of the attack. Thus, calling this witness would have subjected him to the same impeachment as James and further undermined the defense of misidentification.

Furthermore, there was substantial evidence of Fuqua's guilt. There was testimony placing the victim and Fuqua together immediately prior to the stabbing; that the perpetrator was "light-skinned"; and that Fuqua made inculpatory statements to a friend including where he hid the jersey he wore that night. There was video evidence that Fuqua reached into his pocket and then put his hand out in a way permitting an inference that he had a weapon.

Fuqua had a full and fair opportunity to establish the factual underpinnings for his claim of ineffective assistance of counsel in his state court proceedings, but failed to avail himself of that opportunity. As a result, the district court correctly held that Fuqua failed to demonstrate there was any reasonable probability of a different outcome had his counsel investigated and called the witnesses at issue. This failure to establish the prejudice required by *Strickland* is fatal to his ineffective assistance of counsel claim and accordingly, the judgment of the

8

district court is hereby

AFFIRMED.