**Donald Ray LEWIS,
Petitioner-Appellee,**

v.

**Raymond K. PROCUNIER, Director,
Texas Department of Corrections,
Respondent-Appellant.**

No. 83–1596.

United States Court of Appeals,
Fifth Circuit.

Nov. 19, 1984.

Rehearing Denied Jan. 28, 1985.

A person commits an offense if he commits robbery as defined in Section 29.02 of this code, and he:

(1) causes serious bodily injury to another; or

(2) uses or exhibits a deadly weapon.

Section 29.02 of the Texas Penal Code (Robbery) provides in part:

A person commits an offense if, in the course of committing theft ..., he:

(1) intentionally, knowingly, or recklessly causes bodily injury to another; or

(2) intentionally or knowingly threatens or places another in fear of imminent bodily injury or death.

Donald Lewis' indictment charged him with:

... while in the course of committing theft of nineteen dollars ($19.00) current money of the United States of America and one automobile, hereinafter called "the property" from Roy Bradley, with intent to obtain and maintain control of the property, using and exhibiting a deadly weapon, namely, a handgun knowingly and intentionally cause serious bodily injury to Roy Bradley ....

The state court instructed the jurors that, if they believed beyond a reasonable doubt that Donald Ray Lewis committed the theft of property from Roy Bradley, and

... intentionally or knowingly caused bodily injury to said owner or intentionally or knowingly threatened or placed said owner in fear of imminent bodily injury or death, and if you further find from the evidence beyond a reasonable doubt that in so doing the foregoing acts, if you do so find, the defendant used or exhibited a deadly weapon, to wit, a handgun, then you will find defendant guilty of aggravated robbery as charged in the indictment.

It is seen that the Texas crime of aggravated robbery requires, if the defendant exhibits a gun in the course of the robbery, either the infliction of some injury, or threat upon or fear on the part of the victim. If the defendant inflicts *serious*

Charles A. Palmer, Asst. Atty. Gen., Daniel Zemann, Jr., Asst. Atty. Gen., Austin, Tex., for respondent-appellant.

Donald Ray Lewis, pro se.

Paul E. Coggins (court-appointed), Dallas, Tex., for petitioner-appellee.

Before GARZA, REAVLEY and JOHNSON, Circuit Judges.

REAVLEY, Circuit Judge:

Donald Ray Lewis brings this 28 U.S.C. § 2254 attack upon his 1974 Texas conviction for aggravated robbery and 50 year prison sentence. The district court granted the writ on the ground that counsel's failure to appeal the variance between the indictment and jury charge cost Lewis an automatic reversal and that assistance of counsel therefore failed to satisfy constitutional requirements. We reverse and dismiss.

Donald Lewis and his brother Lawrence were tried together for violation of Section 29.03 of the Texas Penal Code (Aggravated Robbery), which provides in part:

injury upon the victim in the course of the robbery, no additional aggravation need be shown. Petitioner Lewis was indicted for both exhibiting the gun and causing serious bodily injury. The court's instruction, however, substituted injury or threat/fear for serious bodily injury.

No objection was made to the jury instruction, and no complaint was made on that count in the direct appeal. However, the seriousness of Bradley's injury and his being placed in fear were not argued. Bradley was badly beaten and shot in the head. The gun was certainly exhibited. The jury was given the story of Roy Bradley and the story of the Lewis brothers. In crediting Bradley and finding that there had been a theft, they necessarily found all of the other elements.

The Lewis brothers were walking on the side of a Dallas street in the early morning. Bradley, in his car, struck Donald Lewis, our petitioner. Bradley stopped and got out to investigate. The Lewis brothers testified that their objective thenceforth was to get Donald to the hospital. They claimed that they took and saw no wallet. Lawrence said the pistol in his pocket bothered him as he drove Bradley's car toward the hospital, and when he gave it to Donald—in the front passenger's seat, Bradley lunged from his back seat position to grab it and was accidentally shot during the tussle. Bradley then jumped from the car and ran away. Donald corroborated that scenario.

Bradley testified that, after being robbed of his wallet and taken at gunpoint to Donald's home to pick up Donald's wife, he was badly beaten by the Lewis brothers and told that he would be killed that night. Donald beat him with the pistol, which also discharged a bullet that struck the side of Bradley's head. He testified that he was placed in the back seat and when he had been driven to a place where he thought he would be killed, he grabbed for the pistol and managed to escape.

Police officers, and hospital reports, corroborated the extent of Bradley's injuries, and the officers told of the blood spattered back seat of his recovered car. The gun was found on Donald's wife at the hospital to which Donald finally went.

It is easy to see from this record why counsel said nothing about the elements of degree of injury, and the threats to (or fear of) Bradley, contained in the jury instructions. If the jury believed that Lewis robbed Bradley, all of those elements were necessarily present.

In the years between 1975 and 1981 petitioner filed four collateral attacks in the Texas courts. Finally, in 1981, the Texas Court of Criminal Appeals cited him for abuse of writ and ordered that no further applications be filed unless to present a contention that could not have been raised in an earlier application.

Petitioner then came to federal court with three complaints: defective indictment, the variance between indictment and jury instruction, and ineffectiveness of counsel.

The district court correctly rejected the first two complaints as not raising constitutional claims. The indictment does not suggest the absence of jurisdiction of the convicting court. *See Murphy v. Beto,* 416 F.2d 98 (5th Cir.1969). Under the indictment and jury instruction petitioner had notice of the specific charge against him, was heard on the issues raised by the charge, was convicted on the charge, and was not deprived of due process. *See Cole v. Arkansas,* 333 U.S. 196, 201, 68 S.Ct. 514, 517, 92 L.Ed. 644 (1948); *Henderson v. Kibbe,* 431 U.S. 145, 154, 97 S.Ct. 1730, 1737, 52 L.Ed.2d 203 (1977); *Plunkett v. Estelle,* 709 F.2d 1004, 1007 (5th Cir.1983); *Tyler v. Phelps,* 643 F.2d 1095, 1100 (5th Cir.1981).

The district court, however, granted the writ on the ineffective counsel point. Although the court's instruction did petitioner no harm, it was thought that under Texas law petitioner was assured a new trial if counsel had complained. Citing *Nero v. Blackburn,* 597 F.2d 991 (5th Cir. 1979) the court held that petitioner was denied the effective assistance of counsel. We disagree for two reasons.

In *Ricalday v. Procunier,* 736 F.2d 203 (5th Cir.1984), we had before us another

Texas conviction where the court's charge allowed the jury to convict the petitioner on a finding of intent to cause serious bodily injury whereas the indictment alleged intent to cause death. Counsel had failed to object to the variance and to raise the issue on direct appeal. The panel assumed that reversal would have been required by Texas law if the point had been presented on appeal. With the benefit of the recent teaching of *Strickland v. Washington,* —— U.S. ——, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), this court denied the writ because, after reviewing the record and finding there such overwhelming evidence of Ricalday's intent to kill, the court concluded that Ricalday showed no prejudice inasmuch as the jury could not have entertained a reasonable doubt about intent to kill. It is certain, by that test, that our petitioner Lewis suffered no prejudice because of counsel's failure to raise the variance of the instruction, either at trial or on appeal.

Furthermore, when this appeal was filed in the Texas Court of Criminal Appeals, on October 7, 1974, the Texas law would not have entitled petitioner to a reversal even if complaint had been made about the variance in the charge. In 1976 the Texas Court affirmed a conviction for robbery in *Williams v. State,* 535 S.W.2d 352 (Tex. Crim.App.1976). The indictment charged the use of threats or placing the victim in fear, while the court's instruction permitted a conviction if the defendant caused injury to the victim. The court relied on the Texas Code of Criminal Procedure, Article 36.-19, which forbids reversal "unless the error appearing from the record was calculated to injure the rights of the defendant, or unless it appears from the record that the defendant has not had a fair and impartial trial." Looking to the record in that case, the court held that the jury was not misled and that the defendant was not injured. Under the Texas law in 1974 petitioner Lewis' appeal would not have succeeded even if the variance had been called "fundamental error." *See Cleland v. State,* 575 S.W.2d 296, 297 (Tex.Crim.App.1979) (Douglas, J., dissenting).

The fundamental error reversal for variances between indictment and charge, de-spite lack of objection or prejudice to the defendant, became the settled rule in Texas with *Gooden v. State,* 576 S.W.2d 382 (Tex. Crim.App.1979). *See Cumbie v. State,* 578 S.W.2d 732, 733 (Tex.Crim.App.1979). *Gooden* had, however, been preceded by *Robinson v. State,* 553 S.W.2d 371 (Tex. Crim.App.1977) and by *Davis v. State,* 557 S.W.2d 303 (Tex.Crim.App.1977). *See also Wilson v. State,* 625 S.W.2d 331, 336 (Tex. Crim.App.1981) (McCormick, J., dissenting); Braswell, *Fundamental Error in the Court's Charge to the Jury in Texas Criminal Cases,* 46 Tex.B.J. 409, 413 (1983). Even after the Texas court ruled that variances are fundamental error, it did not extend the infirmity to the reach of collateral attack. *Ex Parte Coleman,* 599 S.W.2d 305 (Tex.Crim.App.1978). The error is not that fundamental.

There being no constitutional infirmity in this Texas conviction, the judgment of the district court is reversed and the cause is dismissed.

REVERSED AND DISMISSED.