762 F.2d 1011
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
THOMAS ROBINSON, SR. PETITIONER-APPELLANT,
v.
TED ENGLE; AND WILLIAM J. BROWN, ATTORNEY GENERAL OF OHIO,
RESPONDENTS-APPELLEES.
 NO. 84-3148
 United States Court of Appeals, Sixth Circuit.
 4/4/85
 ORDER
 
 1
 BEFORE: MARTIN and JONES, Circuit Judges; and HOLSCHUH, District Judge.*
 
 
 2
 This Ohio State prisoner appeals from a district court judgment adopting the Magistrate's report and recommendation to dismiss petitioner's petition seeking a writ of habeas corpus under 28 U.S.C. Sec. 2254. Petitioner is challenging his 1974 jury conviction of murder in the first degree for which he received a life sentence.
 
 
 3
 Petitioner raises two arguments in his petition. First, he argues that he was not properly charged with first degree murder under Ohio law because an indictment was either not issued, or if one were issued, it was defective because it was not signed by the grand jury foreman. Secondly, petitioner argues that his trial counsel rendered ineffective assistance because he did not object to the lack of a properly issued indictment and he simply did not object to the trial court's instructions regarding first degree murder.
 
 
 4
 On appeal, counsel for petitioner argues that the district court could not have correctly reviewed the petitioner's claims because the trial record was apparently never filed with the district court.
 
 
 5
 Upon review of the district court record and of all the arguments presented by both parties in their appellate briefs, this court concludes that the district court properly dismissed petitioner's action. Contrary to counsel's assertion, the trial transcript was, indeed, filed in the district court as record entry #7. Parts of it were even expressly referred to by the Magistrate in his report and recommendation. The respondents also filed copies of the state appellate opinions issued on review of the petitioner's conviction and on review of his state post-conviction proceeding.
 
 
 6
 Furthermore, petitioner's first challenge regarding the non-issuance or inadequacy of the indictment in his case in without merit. The petitioner has failed to discredit the state court of appeal's statement that an indictment did, in fact, issue and was filed as criminal docket entry #66 on August 6, 1973. This factual statement is, accordingly, presumed to be correct. Haggins v. Warden, Fort Pillow State Farm, 715 F.2d 1050, 1055 (6th Cir. 1983), cert. denied, 104 S.Ct. 980 (1984). In addition, it is clear that petitioner's argument that the indictment was unsigned and, therefore, invalid must also be rejected because the lack of the signature is merely a technical and de minimis mistake which does not render the indictment constitutionally defective. See Payne v. Janasz, 711 F.2d 1305, 1312 (6th Cir.), cert. denied, 104 S.Ct. 552 (1983); Louis v. Procunier, 746 F.2d 1073, 1075 (5th Cir. 1984).
 
 
 7
 Petitioner's second claim of ineffective assistance of trial counsel is also without merit because petitioner has not shown that his counsel was deficient and that he was prejudiced under that deficiency. Meeks v. Bergen, 749 F.2d 322, 327 (6th Cir. 1984). Counsel was certainly not deficient for not objecting to the indictment for the already stated reasons. Petitioner's claim that counsel failed to simply object to the instructions regarding first degree murder fails to focus upon any specific defect in the instructions, and is, therefore, itself a deficient challenge to his counsel's assistance. United States v. Payne, 741 F.2d 887, 891 (7th Cir. 1984); Knighton v. Maggio, 740 F.2d 1344, 1349 (5th Cir.), cert. denied, 105 S.Ct. 306 (1984). A review of the transcript shows, anyway, that counsel did make certain objections to the charge which were considered and rejected by the district court. While other aspects of the instructions were not objected to by counsel, the court of appeals reviewed the instructions as a whole and concluded that they were proper in every respect. The factual statements made by the court of appeals to support this conclusion are also entitled to the presumption of correctness found at 28 U.S.C. Sec. 2254(d) in the absence of any discrediting information. Meeks v. Bergen, supra, 740 F.2d at 327; Adams v. Jago, 709 F.2d 978, 979-80 (6th Cir. 1983). Evidence of premeditation and deliberation was ample. Given the ample support for the first degree murder charge, it is also clear that petitioner was not entitled to an instruction on a lesser included offense. Ferrazza v. Mintzes, 735 F.2d 967, 968 (6th Cir. 1984); O'Guin v. Foltz, 715 F.2d 397, 399 (6th Cir. 1983).
 
 
 8
 For these reasons, this panel unanimously agrees that oral argument is not necessary in this appeal. Rule 34(a), Federal Rules of Appellate Procedure. The district court's judgment is, accordingly, affirmed pursuant to Rule 9(d)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable John D. Holschuh, U.S. District Judge for the Sout ern District of Ohio, sitting by designation