MICHAEL HARVEY VAIL,
Petitioner-Appellant,

versus

O.L. McCOTTER, Director, Texas
Department of Corrections,
Respondent-Appellee.

No. 85–2546

IN THE UNITED STATES COURT OF
APPEALS FOR THE FIFTH CIRCUIT

Jan. 16, 1986

### ORDER

IT IS ORDERED that appellant's application for a certificate of probable cause and leave to appeal in forma pauperis is DENIED. A certificate of probable cause should not be granted unless the unsuccessful petitioner for habeas corpus relief makes a substantial showing that he has been denied a federal right. *Fabian v. Reed,* 714 F.2d 39, 40 (5th Cir.1983). Appellant has made no such showing relative to any of the issues which he asserts in his application to this Court.

Appellant was convicted in a Texas state court upon an indictment which alleged that he committed burglary by intentionally and knowingly entering a building and attempting to commit and committing theft therein, in violation of Tex.Penal Code Ann. § 30.02(a)(3) (Vernon 1974). He seeks habeas relief on grounds that his state trial court instructed the jury concerning the elements of burglary by entering a building with intent to commit a theft therein, as proscribed by Tex.Penal Code Ann. § 30.02(a)(1) (Vernon 1974).

The Texas Court of Criminal Appeals has held that this constitutes fundamental error requiring reversal upon a direct appeal of a conviction. *Whitlow v. State,* 567 S.W.2d 522 (Tex.Crim.App.1978). Appellant Vail did not present the point upon his direct criminal appeal, and he does not allege that he asked his attorney to do so. The Texas court also has held that such an error is not so fundamental as to entitle one to relief upon a postconviction petition for habeas corpus. *Ex parte Coleman,* 599 S.W.2d 305 (Tex.Crim.App.1979) (denying rehearing en banc without opinion).

In *Lewis v. Procunier,* 746 F.2d 1073 (5th Cir.1984), this Court held that a similar variance between an armed robbery indictment and the jury charge did not entitle the applicant to federal habeas relief. Observing that the evidence amply showed Lewis's guilt under either theory of the offense, the Court concluded: "Under the indictment and jury instruction petitioner had notice of the specific charge against him, was heard on the issues raised by the charge, was convicted on the charge, and was not deprived of due process." 746 F.2d at 1075. The Court held further that Lewis was not entitled to relief on grounds that his attorney was ineffective for failing to object to the variance or to raise the issue upon direct appeal, reasoning that Lewis failed to show prejudice because the

state's evidence overwhelmingly supported either theory of the offense. 746 F.2d at 1075–76. This rationale is equally applicable to appellant Vail's case.

Appellant also seeks relief on grounds that his trial court failed to instruct the jury concerning the intent element of the offense as alleged in the indictment, "intentionally and knowingly." Vail did not assert this error upon his direct appeal, either. There is no need to instruct on "intentionally and knowingly" at a trial for burglary under § 30.02(a)(1), because an instruction concerning the requisite specific intent to commit a felony or a theft in the building obviates the instruction as to the more general culpable mental state. *McAfee v. State*, 658 S.W.2d 200 (Tex.Ct.App. 1983). In a trial for a violation of § 30.02(a)(3), however, failure to instruct the jury concerning a culpable mental state such as intentionally or knowingly is fundamental error requiring reversal upon direct appeal. *Glenn v. State*, 659 S.W.2d 438 (Tex.Crim.App.1983) (en banc); *Britton v. State*, 653 S.W.2d 438 (Tex.Crim.App.1983).

Nevertheless, analysis pursuant to *Lewis* concerning this error in the charge shows that appellant Vail is not entitled to federal habeas relief. As in *Lewis*, the evidence against Vail overwhelmingly shows that he intentionally and knowingly burglarized the building alleged in the indictment, in violation of both § 30.02(a)(1) and § 30.02(a)(3). Moreover, since he cannot show actual prejudice, he is not entitled to habeas relief on grounds that he could have obtained reversal on direct appeal if his counsel had asserted the error. *Lewis*, 746 F.2d at 1075–76.

Appellant asserts that he desires to assert on appeal that he is entitled to relief because the district court delayed unreasonably in adjudicating the merits of his petition. This does not constitute grounds for federal habeas relief, because it does not implicate the legality of appellant's confinement. *See* 28 U.S.C. §§ 2241(c), 2254(a); *Moya v. Estelle*, 696 F.2d 329, 331 (5th Cir.1983).

In the district court, appellant also contended that his confession of the offense

for which he was convicted was obtained by force after denial of his request for counsel; and that it was tainted by his earlier confession to another burglary, which was the product of an illegal arrest. Appellant has not mentioned either of these grounds in his application for a certificate of probable cause and leave to appeal in forma pauperis filed in this Court. This Court has held in many cases that issues which have been presented to the district court but not asserted on appeal are deemed abandoned. *E.g., Hobbs v. Blackburn*, 752 F.2d 1079 (5th Cir.), *cert. denied*, — U.S. ——, 106 S.Ct. 117, 88 L.Ed.2d 95 (1985); *Pate v. Wainwright*, 607 F.2d 669 (5th Cir.1979); *Lucas v. Wainwright*, 604 F.2d 373 (5th Cir.1979).

Accordingly, the Court deems that relative to appeal, appellant has abandoned his habeas grounds concerning the admissibility of his confession. An unsuccessful habeas applicant who desires plenary determination whether this Court should grant a certificate of probable cause can either file no motion therefor in this Court, Fed.R. App.P. 22(b), or he must assert in his motion to this Court for a certificate of probable cause all issues which he desires to present on appeal.

/s/ E. Grady Jolly
E. GRADY JOLLY
United States Circuit Judge