IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 97-60470

GARY MOAWAD

Petitioner-Appellant,

versus

JAMES V ANDERSON, SUPERINTENDENT, MISSISSIPPI STATE PENITENTIARY;
MICHAEL MOORE, Attorney General of the State of Mississippi
Respondents-Appellees.

Appeal from the United States District Court
For the Northern District of Mississippi

June 15, 1998

Before WISDOM, JOLLY, and HIGGINBOTHAM, Circuit Judges.

HIGGINBOTHAM, Circuit Judge:

Moawad petitions us for habeas relief from his state convictions for murder and aggravated assault. Moawad's primary claim is that he was denied effective assistance of counsel at trial and on appeal. His focus is a failure to object to a jury instruction regarding presumed malice deemed improper under Mississippi law. We affirm the district court's denial of relief.

I

Moawad and Kathleen married in 1965. In 1975, Kathleen filed for divorce. On November 13, 1975, Moawad and his youngest son, Paul, one of their three children, went to the Tubbs's family home in Sardis, Mississippi to announce that he and Kathleen were

reunited. They found at home Kathleen's father, mother, and brother. Moawad visited with the Tubbs family in the living room for approximately forty minutes and all seemed well.

According to the state's evidence at trial, Moawad and Paul went into the backyard. E.O. Tubbs, Kathleen's father, moved from the living room to the kitchen. After Moawad entered the kitchen from the yard, Willodean, Kathleen's mother, and Michael, Kathleen's brother, heard a single shot in the kitchen. Moawad then went into the living room where he shot Willodean with a .32 caliber pistol. Moawad and Michael struggled for the gun. Moawad struck Michael in the face causing lacerations, but Michael escaped and ran to a neighbor's house. Moawad grabbed Paul, left the house, and drove to North Mississippi Legal Services in Oxford to speak with an attorney. Michael returned to his house to find his father dead in the kitchen from a single gunshot to the head and his mother gravely wounded. See Moawad v. State, 531 So. 2d 632, 633-34 (Miss. 1988).

Moawad's half-brother testified at trial that Moawad on the day of the shooting told him that there was no hope for his marriage; that he saw Moawad's pistol in a baby diaper; and that Moawad told him in a telephone call that he had gone to the Tubbs's house, broke E.O.'s arm, took his pistol, and killed him. After the phone call, the step-brother searched the house he shared with Moawad for Moawad's .32 caliber gun and could not find it. See id. at 633.

2

At trial, Moawad testified on his own behalf that he and E.O. had an argument during which he was attacked by E.O. and Michael. The gun fired several times during the struggle, killing E.O. and injuring Willodean. Moawad stated that he struck Michael with an ashtray during the incident. See id. at 634.

Moawad was charged with murder and two counts of aggravated assault. Without objection, the jury was instructed on the murder count as follows:

Instruction S-5
The Court instructs the Jury that malice aforethought mentioned in the indictment may be presumed from the unlawful and deliberate use of a deadly weapon.

Id. at 635. The trial judge excused the alternate jurors and the jury entered deliberations at four o'clock. At approximately ten o'clock that night, the jury returned a verdict convicting Moawad on each count. The trial court sentenced him to life on the murder charge and to twenty and five years, for the aggravated assaults of Willodean and Michael, respectively, with the sentences to run consecutively.

Eleven days after the trial judge adjourned the term of court, Moawad's trial counsel filed a motion for new trial on the grounds that the trial court erred by recalling an alternate juror who had been excused, not swearing in the alternate juror, and skipping the first alternate juror on the replacement list and selecting the second alternate. The trial court denied this motion as untimely. Moawad's trial counsel failed to file an appeal, an act resulting in counsel receiving a two-year suspension from practicing law in

3

Mississippi.  See Myers v. Mississippi State Bar, 480 So. 2d 1080 (Miss. 1985), cert. denied, 479 U.S. 813 (1986).

On February 26, 1986, the Mississippi Supreme Court granted Moawad an out-of-time appeal.  The Mississippi Supreme Court affirmed Moawad's conviction finding the challenge to jury instruction S-5 to be procedurally barred because Moawad did not object to it at trial.  The court rejected for lack of evidence Moawad's contention that an alternate juror had replaced a regular juror in the deliberations.  Moawad, 531 So. 2d at 634-35.  Two justices specially concurred observing that under Mississippi law jury instruction S-5 is not favored and should not be used where the facts have been set forth, even on conflicting testimony, because the question of malice should be left for the consideration of the jury.  See id. at 636 (Lee, J., specially concurring).  The concurring opinion noted that this instruction should only rarely be given due to the difficulty the bench and bar have in discerning when the circumstances surrounding a killing have been disclosed. See id.

Moawad filed for postconviction relief with the Mississippi Supreme Court and was allowed to proceed on his ineffective assistance of counsel claims.  The state circuit court denied his petition.  Moawad then filed a § 2254 petition which the district court denied.  Moawad timely filed a notice of appeal.  The district court granted his request for a COA; that it did not specify the issues to be appealed is of no moment because Moawad filed his § 2254 petition prior to the effective date of the AEDPA.

4

We treat Moawad's COA as a CPC, which raises on appeal all of the issues presented below.[1]  See Green v. Johnson, 116 F.3d 1115, 1119-20 (5th Cir. 1997) (applying pre-AEDPA law to § 2254 petition filed before April 24, 1996); Sherman v. Scott, 62 F.3d 136, 139 (5th Cir. 1995) (CPC gives circuit court jurisdiction over the entire judgment entered by the district court), cert. denied, 516 U.S. 1180 (1996).  We have jurisdiction under 28 U.S.C. § 1291.

                                    II

     To succeed on an ineffective assistance claim against either his trial or appellate counsel, Moawad must satisfy both prongs of the Strickland test.  See Ellis v. Lynaugh, 873 F.2d 830, 839 (5th Cir.), cert. denied, 493 U.S. 970 (1989).  First, the defendant must demonstrate that counsel's performance was deficient.  This task requires a "showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment."  Strickland v. Washington, 466 U.S. 668, 687 (1984).  Moawad must establish that counsel's acts "fell beneath an objective standard of reasonable professional assistance."  Gray v. Lynn, 6 F.3d 265, 268 (5th Cir. 1993) (citations omitted).  This court gives "'great deference to counsel's assistance, strongly presuming that counsel has exercised reasonable professional judgment.'"  Id. (quoting Ricalday v.

_____

     [1]Though we treat Moawad's COA as a CPC, we will only review those issues presented in his appellate brief.  See United States v. Pierce, 959 F.2d 1297, 1300 n.5 (5th Cir.), cert. denied, 506 U.S. 1007 (1992).  Before us, Moawad only asserts claims of ineffective assistance of counsel and thus waives all other arguments he tendered below.  See id.

                                    5

Procunier, 736 F.2d 203, 206 (5th Cir. 1984)). "Second, the defendant must show that the deficient performance prejudiced the defense." Strickland, 466 U.S. at 687. "[Moawad] must demonstrate 'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" Gray, 6 F.3d at 269 (quoting Strickland, 466 U.S. at 694). "[B]oth components of this inquiry are mixed questions of law and fact; accordingly, [this court] generally 'must make an independent determination of whether counsel's representation passed constitutional muster.'" Id. at 268 (quoting Ricalday, 736 F.2d at 206).

A

Moawad asserts that his trial counsel was ineffective in failing to object to jury instruction S-5, long condemned by the Mississippi Supreme Court as relieving the prosecution of the burden of proving malice aforethought on the part of the defendant. See Tran v. State, 681 So. 2d 514, 517 (Miss. 1996); Stewart v. State, 226 So. 2d 911, 912 (Miss. 1969). Moawad urges that the instruction violated his Due Process rights under the Fourteenth Amendment. See In re Winship, 397 U.S. 358, 364 (1969). Given the disfavored status of the presumed malice instruction in Mississippi jurisprudence, we agree with Moawad that counsel's failure to object to instruction S-5 was deficient performance under Strickland. See Gray, 6 F.3d at 269 (holding that counsel's

6

failure to challenge erroneous instruction under Louisiana law met first prong of Strickland). We turn to Strickland's second prong.

Moawad argues that but for the erroneous instruction the jury would have convicted him of manslaughter instead of murder; that the record does not support a finding of malice. According to Moawad, if the jurors had not been instructed that they could presume malice from his use of a deadly weapon, then there is a reasonable probability that they would not have convicted him of murder.

We disagree with Moawad's contention. We have refused habeas relief from a state conviction where "overwhelming" evidence of the petitioner's guilt was presented even though trial counsel failed to object to a jury instruction warranting automatic reversal under state law even without an objection. See Ricalday, 736 F.2d at 207-09; see also Lewis v. Procunier, 746 F.2d 1073 (5th Cir. 1984) (following Ricalday), cert. denied, 471 U.S. 1022 (1985). In this case, the jury was instructed on the elements of murder and on manslaughter and explicitly told that "[i]f . . . the . . . prosecution has failed to prove malice aforethought in presenting its case against Moawad for murder, you must return a verdict of not guilty . . . on the charge of murder." There was substantial evidence showing that Moawad acted maliciously. See Ricalday, 736 F.2d at 208-09. The jury did not accept Moawad's version of the facts. We cannot conclude that Moawad's trial was rendered fundamentally unfair by trial counsel's failure to object to instruction S-5. See Lockhart v. Fretwell, 506 U.S. 364, 842-43

7

(1993) (emphasizing that fundamental right to a fair trial is the touchstone of Sixth Amendment right to counsel). There was then no denial of Moawad's constitutional right to counsel.

B

Moawad claims that his trial counsel was ineffective for failing to object to three alleged incidents of jury tampering, viz., (1) six members of the jury were not on the Special Venire Facias; (2) people were going in and out of the jury room after the jury retired to consider its verdict; and (3) the second alternate juror on the substitute list replaced a juror several hours after deliberations had started and the alternate jurors had been excused.

Moawad did not assert argument (1) in the Mississippi collateral relief proceedings.[2] As a result, Moawad is procedurally barred from raising this claim in a subsequent state court proceeding for post-conviction relief. See Miss. Code Ann. § 99-39-23(6) ("The order . . . denying relief . . . shall be a bar to a second or successive motion under this chapter."); see also Grubb v. State, 584 So. 2d 786, 788-89 (Miss. 1991) (applying § 99-39-23(6) to bar a subsequent petition for collateral relief). "Where a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, this court may not review the prisoner's habeas petition

---

[2]Moawad included, however, all three arguments in his objections to the magistrate judge's recommendation and report forwarded to the district court.

8

unless he can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Stokes v. Anderson, 123 F.3d 858, 859 (5th Cir. 1997), cert. denied, 118 S. Ct. 1091 (1998). Moawad gives no reasons for his failure to raise this Sixth Amendment challenge in state court. Having shown no cause for his default, Moawad is not entitled to relief on this ground.

Moawad seeks an evidentiary hearing on jury tampering charges (2) and (3). According to Moawad, his counsel failed to object (a) to outside influences tainting the jury during deliberations and (b) to the trial court's erroneously replacing a juror after deliberations had begun and the alternate jurors were discharged; recalling the second alternate juror instead of the first alternate juror; denying him an opportunity to question the second alternate juror for bias; and omitting to instruct the jury to begin its deliberations anew upon seating the new juror. On direct appeal, the Mississippi Supreme Court observed that "the record [did] not reflect this alleged replacement of a regular juror by an alternate." Moawad, 531 So. 2d at 635.

We have scoured the record as well and have found no indications of the jury's being contaminated by outside influences or of an alternate juror's participating in deliberations. To support his allegations, Moawad points to a post-judgment motion for new trial filed by his trial attorney which asserts that the trial court seated the alternate juror instead of the first

9

alternate juror and to his brief on direct appeal in which his attorney claims to have spoken to the second alternate juror who apparently confirmed that he participated in the jury deliberations and voted for Moawad's guilt. We note that the judgment of conviction listed the second alternate juror as an alternate but did not state that he participated in the deliberations.

Moawad is entitled to an evidentiary hearing to prove his contentions only if we believe that he is entitled to relief if his allegations prove true. See Ward v. Whitley, 21 F.3d 1355, 1367 (5th Cir. 1994), cert. denied, 513 U.S. 1192 (1995). To answer that question, we must evaluate the merits of Moawad's ineffective assistance of counsel claims.

Mississippi courts have oft stated that "during a jury's deliberations outside influences must be eliminated if possible and minimized if not. Otherwise the integrity of the verdict is in question and a mistrial is appropriate." Fuselier v. State, 468 So. 2d 45, 57 (1985). Moreover, under Mississippi law, it is reversible error for a trial court to substitute an alternate juror for a regular juror after the alternate jurors have been dismissed and the jury has begun deliberations, especially where the alternate jurors were not sequestered once discharged from service. Folk v. State, 576 So. 2d 1243, 1251-52 (Miss. 1991); see Balfour v. State, 598 So. 2d 731, 754 (Miss. 1992) (holding that trial court erred in recalling discharged alternate juror after deliberations started though trial judge instructed the jury anew); see also Miss Code Ann. § 13-5-67 (Supp. 1997) (mandating that

10

alternate jurors "shall be discharged at the time the jury retires to consider its verdict"). Though trial counsel's failure to object to these instances of jury tampering would constitute deficient performance under Strickland, we do not grant Moawad an evidentiary hearing on these fact issues because we do not think that "counsel's errors were so serious as to deprive [Moawad] a fair trial, a trial whose result is reliable." Strickland, 466 U.S. at 687. The evidence of Moawad's guilt is overwhelming, see Moawad, 531 So. 2d at 633-34; supra, and assures us that his convictions would have obtained in a new trial with a fresh jury.

C

Moawad argues that his trial counsel was ineffective in failing to investigate adequately his defense that the shooting of E.O. Tubbs was either an accident or in self-defense. In particular, Moawad contends that his trial counsel should have determined whether Tubbs had powder burns on his hands because the presence of powder burns would have corroborated his testimony that Tubbs pointed a gun at him and that the gun fired several times while he and Tubbs struggled for control of it. Moawad claims that his counsel abdicated his "duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." Strickland, 466 U.S. at 691.

In assessing counsel's performance, we must presume that counsel's action fell within the "wide range of reasonable professional assistance" and that "the challenged action 'might be

11

considered sound trial strategy.'" Id. at 689 (quoting Michel v. Louisiana, 350 U.S. 91, 101 (1955)). "A defendant who alleges a failure to investigate on the part of his counsel must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the trial." United States v. Green, 882 F.2d 999, 1003 (5th Cir. 1989). Moawad merely asserts that there might have been powder burns on Tubbs's hands; he does not point to any evidence in the record supporting this allegation. In addition, Moawad's counsel may have made the reasonable decision of not investigating Tubbs's hands for powder burns because the absence of burns would have discredited Moawad's testimony. Given the lack of factual support in the record to support Moawad's claim of powder burns and the strategic rationale justifying his counsel's decision, we conclude that Moawad's counsel was not derelict in his duty to investigate and was not ineffective under Strickland.

D

Moawad contends that his appellate counsel was ineffective because he did not raise the issue of ineffective assistance of counsel with respect to his trial attorney's failure to object to the presumed malice jury instruction. "Because the error at the appellate stage stemmed from the error at trial, if there was no prejudice from the trial error, there was also no prejudice from the appellate error." Ricalday, 736 F.2d at 208. Since Moawad did not pass the Strickland test with respect to his trial counsel's

12

performance in objecting to the jury instructions, his complaint against his appellate counsel warrants no relief.

                                 III

We AFFIRM the district court's judgment denying Moawad's § 2254 petition for relief.

13