25 F.3d 1054
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Ricky J. SHUGART, Defendant-Appellant.
 No. 93-1159.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 27, 1994.
Decided May 6, 1994.
 
 Before POSNER, Chief Judge, and BAUER and COFFEY, Circuit Judges.
 
 ORDER
 
 1
 Pursuant to a written agreement, Ricky J. Shugart entered a plea of guilty to one count of possession of a firearm by a felon, 18 U.S.C. Sec. 922(g)(1), and one count of transporting a fraudulent security, namely a bank check, in interstate commerce in violation of 18 U.S.C. Sec. 2314. The court sentenced Shugart to 37 months in prison and three years of supervised release and ordered restitution of $11,293.68. Shugart's appellate counsel has filed a motion to withdraw, accompanied by a brief supporting his belief that an appeal in this case would be frivolous. Anders v. California, 386 U.S. 738 (1967); United States v. Edwards, 777 F.2d 364 (7th Cir.1985). Pursuant to Circuit Rule 51(a) we notified Shugart of his attorney's motion, and he has responded.
 
 
 2
 Before we may grant counsel's motion, we must be satisfied that counsel diligently and thoroughly searched the record for any arguable claim supporting grounds for an appeal. Only if we agree that counsel correctly concluded that an appeal would be frivolous may we dismiss the appeal. United States v. Eggen, 984 F.2d 848, 850 (7th Cir.1993).
 
 
 3
 In his Anders brief, counsel identifies the following potential issues for appeal: 1) whether Shugart's trial lawyer rendered ineffective assistance by failing to file a motion to suppress evidence; 2) whether the district court erred in denying a sentence reduction under U.S.S.G. Sec. 2K2.1(b)(2) for possession of a weapon solely for lawful sporting or collection purposes; and 3) whether the special conditions of supervised release are unconstitutional, or alternatively whether the court abused its discretion in ordering the conditions. In his response, Shugart also discusses these issues but disagrees with counsel's conclusion that they are without merit. In addition, he claims that as a result of counsel's failure to seek suppression of the evidence against him he felt pressured to enter a plea of guilty.
 
 A. Voluntariness of Guilty Plea
 
 4
 Once a plea of guilty has been entered, non-jurisdictional challenges to the conviction's constitutionality are waived, leaving only the voluntary and knowing nature of the plea subject to attack. United States v. Broce, 488 U.S. 563, 569 (1989); United States v. Brown, 870 F.2d 1354, 1358 (7th Cir.1989). A plea of guilty may not be considered knowingly and voluntarily entered if in connection with the decision to plead guilty the defendant does not receive reasonably effective assistance of counsel. E.g., United States v. Malave, No. 93-2579, Slip op. at 4 (7th Cir. April 14, 1994). Under these circumstances, a defendant may attack the voluntary nature of his guilty plea by showing that the advice received from counsel was not "within the range of competence demanded of attorneys in criminal cases." Id.; United States v. Alvarez-Quiroga, 901 F.2d 1433, 14337 (7th Cir.1990). He must further show that there is a reasonable probability that but for counsel's errors he would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 59 (1985); Strickland v. Washington, 466 U.S. 668, 687 (1984); see also Lockhart v. Fretwell, 113 S.Ct. 838, 844 (1993).
 
 
 5
 Appellate courts will not consider claims of ineffective assistance of counsel raised on direct appeal from a guilty plea, United States v. D'Iguillant, 979 F.2d 612, 614 (7th Cir.1992), cert. denied, 113 S.Ct. 1873 (1993), if the determination requires the court to consider evidence outside of the record. However, if the record sufficiently documents the proceedings below and counsel on appeal did not represent the defendant below, we may consider the claim on direct appeal. United States v. Taglia, 922 F.2d 413, 41 (7th Cir.1991). Although here trial and appellate counsel are different, the record is not sufficiently developed to consider the ineffective assistance claim in this appeal.
 
 
 6
 Shugart argues that counsel was ineffective in advising him to plead guilty without moving to suppress evidence as illegally seized in violation of the fourth amendment. He claims that he directed counsel to seek suppression, but counsel refused because he believed that the motion would prove unsuccessful and might prejudice Shugart's chance of receiving sentence reductions or avoiding enhancements. This advice, Shugart claims, in essence left him with no alternative other than to plead guilty.
 
 
 7
 Where the alleged error of counsel is a failure to file a suppression motion, the determination of whether the error "prejudiced" the defendant by causing him to plead guilty rather than to go to trial will depend on the likelihood of success of the motion. See United States v. Madewell, 917 F.2d 301, 304 (7th Cir.1990); see also Hill, 106 S.Ct. at 370. Whether a suppression motion may have been successful in turn requires a determination of the constitutionality of the search and seizure--a determination that calls for inquiry into the facts and circumstances surrounding the search, e.g. Horton v. California, 110 S.Ct. 2301 (1990)--and a credibility assessment justifying the plain view exception. E.g., United States v. Berkowitz, 927 F.2d 1376, 1388-89 (7th Cir.1991) (seizure of government documents). The facts as gleaned from the record do not lend themselves to clear resolution of this issue. As the appellate court is not a fact-finding body, this task is therefore more appropriately undertaken at the district court level. An examination of the claim of ineffective assistance in this case also requires a factual inquiry into the information conveyed by Shugart to his counsel, how counsel responded to that information, and what reasons counsel had for his response. Here, the record is silent as to defense counsel's preparation for this case or his possible tactical considerations in failing to move to suppress the evidence. Consequently, we decline to entertain this issue without affording the parties an opportunity to develop the facts bearing on the merits.
 
 Supervised Release
 
 8
 The court ordered as conditions of supervised release a provision that Shugart "allow the search of his residence and/or property under his control for any contraband at the direction of the supervising U.S. Probation Officer" and that Shugart "abstain from alcohol and illegal drug use, sales, and associations, and participate in a program of mental health and drug-alcohol counseling and urine surveillance as directed by the supervising U.S. Probation Officer." Although Shugart acknowledges that at the time of his plea he was advised that supervised release may be imposed, he argues that the district court failed to inform him of the kind of restrictions which might be imposed. He claims this rendered his plea unknowing because he was not fully advised of its potential consequences.
 
 
 9
 Under Federal Rule of Criminal Procedure 11(c)(1) a judge must explain the consequences of a plea of guilty, which includes informing the defendant not only that a term of supervised release may be imposed, but also of the effect that such a term might have. The question is whether the term effect as it relates to supervised release requires advising the defendant explicitly of the specific conditions which might be imposed. We think not. The effect of supervised release contemplated by Rule 11(c)(1) is the result such a term may have upon the total length of the sentence. The reason for this requirement is that a violation of supervised release can result in greater incarceration time than the defendant's original sentence imposed. Understanding the effect of supervised release then is encompassed within the defendant's right to know the maximum potential penalty he faces. So as long as the term of supervised release plus the prison term does not exceed the maximum term of incarceration of which the defendant has been advised, the purpose of Rule 11(c)(1) has been fulfilled. See United States v. Saenz, 969 F.2d 294, 297 (7th Cir.1992).
 
 
 10
 At the change of plea hearing, the judge informed Shugart that the maximum penalty for each count in the indictment carried a ten-year prison term, a $250,000 fine, and a three-year term of supervised release. Shugart acknowledges that he was so advised and that he understood that a term of supervised release would be imposed. Because the sentenced imposed, 37 months with a three-year term of supervised release, does not exceed the maximum prison term of which he was advised, there was no Rule 11 error. Furthermore, as the conditions of supervised release do not impact the length of the sentence they do not constitute a departure from the sentencing range, cf. Burns v. United States, 111 S.Ct. 2182 (1991), and therefore imposing conditions of supervised release without notice of the specific provisions prior to sentencing in no way violated Shugart's right to due process.
 
 B. Sentencing Issues
 Conditions of Supervised Release
 
 11
 Shugart also asserts that the conditions of supervised release, in particular, subjecting him to unrestricted warrantless searches violates his fourth amendment right and is not reasonably related to the offense. The statute governing supervised release gives the sentencing judge broad discretion to impose special conditions on the term of supervised release. 18 U.S.C. Secs. 3563(b), 3583(d). Accordingly, unless the court abused its discretion in imposing those conditions, they will be upheld. United States v. Schecter, 13 F.3d 1117, 1118 (7th Cir.1993); United States v. Showalter, 933 F.2d 573, 574 (7th Cir.1991). With respect to supervised release, the district court may order special conditions which are "reasonably related to the nature and circumstances of the offense and the history and characteristics of the defendant, ... and to protect the public from further crimes of the defendant." U.S.S.G. Sec. 5D1.3(b); see also 18 U.S.C. Secs. 3553(a), 3583(d). However, the court must also be cautious that such conditions "involve[ ] no greater deprivation of liberty than is reasonably necessary" for the sentencing purposes indicated in Sec. 3553(a)(2). Sec. 3583(d).
 
 
 12
 In determining whether to order discretionary conditions in this case, the district court considered Shugart's ten-year history of alcohol and drug abuse, the sophistication of the check forgery scheme, the fact that he possessed a gun as a felon, and the extent of his criminal history. Given Shugart's history of drug abuse, the court was well within its discretion to order that Shugart undergo alcohol and drug treatment and submit to routine urine testing. Requiring Shugart to submit to warrantless searches at the discretion of his probation officer would permit the detection of alcohol and drugs within Shugart's possession, so it is also reasonably related to purposes of sentencing. See United States v. Sharp, 931 F.2d 1310, 1311 (8th Cir.1991). Likewise, given Shugart's status as a felon, to the extent the search condition would allow the detection of unlawful possession of a firearm, the court did not abuse its discretion in imposing the condition. See United States v. Ross, 9 F.3d 1182 (7th Cir.1993) (condition requiring defendant to avoid contact with firearms).
 
 Lawful Possession of Gun
 
 13
 Finally, Shugart argues that the district court erred when it denied a sentence reduction under U.S.S.G. Sec. 2K2.1(b)(2) for possession of a gun solely for a lawful purposes. Shugart contends that his base offense level should have been reduced to a level six because he acquired the gun solely for hunting purposes and possessed the firearm for that use as well as for self-defense. The burden of proving applicability of this sentencing provision to this case rested with Shugart. Cf. United States v. Rivero, 993 F.2d 620, 623 (7th Cir.1993) (reduction for acceptance of responsibility under Sec. 3E1.1). Section 2K2.1(b)(2) provides: "If the defendant ... possessed all ammunition and firearms solely for lawful sporting purposes or collection, and did not unlawfully discharge or otherwise unlawfully use such firearms or ammunition, decrease the offense level ... to level 6." Sec. 2K2.1(b)(2) (Nov. 1991). Shugart argues that this provision encompasses possession for any lawful purpose, as long as the gun was not unlawfully discharged or otherwise used illegally. Strictly interpreting this provision to refer solely to possession and use of a firearm for sporting or collection purposes, the district court concluded that Shugart was ineligible for a Sec. 2K2.1(b)(2) reduction because he was not using the gun for hunting on the night of the offense and had admitted that he also used the firearm to protect his home.
 
 
 14
 The district court's determination of whether the defendant possessed and used the firearm for an intended lawful purpose within the meaning of Sec. 2K2.2(b)(2) is a finding of fact which will be reversed only for clear error. United States v. Hayes, 5 F.3d 292, 294 (7th Cir.1993); Rivero, 993 F.2d at 623. Contrary to Shugart's argument, both the acquisition and the use of the firearm must be lawful and solely for sport or collection in order to fall within the scope of Sec. 2K2.1(b)(2). A firearm acquired and intended solely for lawful sporting purposes does not qualify under Sec. 2K2.1(b)(2) when the defendant also uses the gun for personal protection. United States v. Kissinger, 986 F.2d 1244, 1246 (8th Cir.1993); United States v. Cousens, 942 F.2d 800, 802-04 (1st Cir.1991); United States v. Smeathers, 884 F.2d 363, 364-65 (8th Cir.1989); United States v. Wilson, 878 F.2d 921, 924 (6th Cir.1989). Shugart admitted that he used the gun on one occasion to ward off a burglar. He therefore possessed the gun for purposes other than solely for lawful sport or collection and any appeal of this issue would undoubtedly fail.
 
 CONCLUSION
 
 15
 In accordance with Anders, this court has reviewed the record, including the plea agreement, the transcripts of defendant's Rule 11 proceeding, and the sentencing hearing for any potentially meritorious issues for appeal and have found none. Counsel's motion to withdraw is therefore GRANTED and the appeal is DISMISSED.