IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 99-50598
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHRISTOPHER MATTHEW LAMPRECHT,

Defendant-Appellant.

_____

Appeal from the United States District Court for the
Western District of Texas
USDC No. A-95-CR-10-ALL-SS

_____

August 16, 2000

Before JOLLY, HIGGINBOTHAM, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

I

Proceeding under the district court's grant of a certificate of appealability ("COA"), the petitioner, Christopher Lamprecht, seeks review of the district court's denial of his motion to vacate, set aside, or correct sentencing pursuant to 28 U.S.C. § 2255.

The district court granted Lamprecht's petition for a COA, limited to three issues: (1) "whether the special condition of

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

supervised release prohibiting the movant from using the Internet or other computer networks violated the movant's first amendment rights";[1] (2) "whether the movant received ineffective assistance of counsel at sentencing when the movant's counsel failed to file a notice of appeal when the movant so requested"; and (3) "whether the movant's due process rights were violated when the District Court restricted the movant's first amendment rights without giving notice that such restrictions would be considered."[2] Finding that Lamprecht's claims lack merit, we affirm the district court's denial of habeas relief.

---

[1] The petitioner does not raise this claim in his appellate brief. Consequently, it is waived. See Ruiz v. United States, 160 F.3d 273, 274 (5th Cir. 1998)(stating that "issues not briefed on appeal are waived"); Moawad v. Anderson, 143 F.3d 942, 945 & n.1 (5th Cir. 1998).

[2] There is some suggestion in the record that the petitioner raised a claim in the district court relating to an alleged breach of the plea agreement by the government. In his appellate brief, the petitioner does not expressly forward any such argument. The only statement in the petitioner's brief that could be construed to implicate an alleged breach of the plea agreement is his bald assertion in the "Facts" section of the brief that the special conditions imposed on his supervised release "had no relation" to his underlying money laundering conviction. However, because we find that the special conditions imposed on the petitioner's supervised release are directly related to his conduct that led to his conviction for money laundering and that they are necessary "to protect the public," see U.S.S.G. § 5F1.5 (discussing occupational restrictions); see also 18 U.S.C. 3583 (West 2000)(discussing the factor that the trial court must consider when imposing special conditions on supervised release), his claim lacks merit. The petitioner has failed to brief any other issue relating to an alleged breach of the plea agreement. Any such claim therefore is waived. See Ruiz, 160 F.3d at 274.

Lamprecht argues that he received ineffective assistance of counsel when his attorney failed to file a notice of appeal challenging his sentence--specifically, the condition of his supervised release[3]--despite his repeated request. Lamprecht asserts that following his sentencing he told his attorney that he wanted to appeal. His attorney told him that under the plea agreement he had waived his right to appeal.[4] Lamprecht argues

---

[3]The district court imposed three special conditions on Lamprecht's three years' supervised release: (1) that Lamprecht could not "be employed where he is the installer, programer, or trouble shooter for computer equipment"; (2) that he "may not purchase possess, or receive a personal computer which utilizes a modem"; and (3) that he "may not utilize Internet or other computer networks."

[4]Lamprecht's plea agreement contained the following waiver-of-appeal provisions:

> Defendant is aware that his sentence will be imposed in conformity with the Federal Sentencing Guidelines and Policy Statements. The defendant is also aware that a sentence imposed under the Guidelines does not provide for parole. Knowing these facts, defendant agrees that this Court has jurisdiction and authority to impose any sentence within the statutory maximum set for his offense, including a sentence determined by reference to the Guidelines, and he expressly waives the right to appeal his sentence on any grounds, including any appeal right conferred by 18 U.S.C. § 3742. However, should the court depart upwards from its guideline calculation, then in that event, the Defendant could appeal the justification for and imposition of such an upward departure, but no other issue as related to the Sentencing Guidelines.

> The Defendant is also aware that his sentence has not yet been

that counsel's advise was erroneous, and that as a result, he lost his right to appeal the terms of his sentence.[5]

In United States v. Wilkes, 20 F.3d 651 (5th Cir. 1994), we addressed the claim of a § 2255 petitioner that "he received ineffective assistance of counsel because his attorney . . . failed to appeal his conviction or to inform [the petitioner] of his ability to appeal." Id. at 653. In Wilkes, the petitioner pled guilty to a charge of possession of "crack" cocaine with the intent to distribute. Id. at 652. Under his plea agreement, the

---

determined by the Court. The Defendant is aware that any estimate of the probable sentencing range that he may receive from his counsel, the government or the probation office, is a prediction, not a promise, and is not binding on the government, the probation office or the Court. Realizing the uncertainty in estimating what sentence he will ultimately receive, the Defendant knowingly waives his right to appeal the sentence or to contest it in any post-conviction proceeding in exchange for the concessions made by the government in this agreement. However, should the court depart upwards from its guideline calculation, then in that event, the Defendant could appeal the justification for and imposition of such an upward departure, but no other issue as related to Sentencing Guidelines.

[5]As an initial matter, Lamprecht argues that the waiver in his plea agreement does not cover the special conditions imposed on him as part of his supervised release because the waiver only applies to his sentence of imprisonment. Specifically, Lamprecht argues that while he "clearly waived the right to appeal his sentence of imprisonment, the language of the waiver makes no reference whatsoever to the term of supervised release or to its special conditions." Lamprecht's argument is meritless in that it is in direct contradiction to our statement in United States v. Benbrook, 119 F.3d (5th Cir. 1997), that "[a] period of supervised release is part of the defendant's sentence." See id. at 341 n.10.

petitioner had waived his right to appeal his sentence on direct appeal and in any post-conviction proceeding, including a proceeding under 28 U.S.C. § 2255, absent an upward departure. Id.

The court, discussing the merits of Wilkes's claim of ineffective assistance of counsel, stated:

> Wilkes's attorney cannot be considered deficient for failing to raise claims knowingly and voluntarily waived in the process of plea bargaining. Under the plea agreement, Wilkes retained the ability to appeal only an upward departure. The maximum sentence prescribed for 841(a)(1) is twenty years' imprisonment, five years' supervised release, a fine of $1,000,000, and a special $50 special assessment. Wilkes was sentenced to 121 months' imprisonment, five years' supervised release, and a $50 special assessment. His sentence falls within the acceptable range, and no upward departure was imposed. [Consequently,] no ineffective assistance can result from a failure to appeal his sentence as an inappropriate departure. Counsel is not deficient for, and prejudice does not issue from failure to raise a legally meritless claim.

Id. at 654 (citations omitted).

Turning to the instant case, Lamprecht pled guilty to one count of money laundering in violation of 18 U.S.C. § 1956(a)(1). Under the applicable sentencing guidelines, Lamprecht faced a maximum sentence of 71 months imprisonment and a fine up to $500,000. Further, under 18 U.S.C. § 3583(b), the court was authorized to sentence Lamprecht to "not more than three years" supervised release.[6] The court sentenced Lamprecht to 70 months

---

[6]When imposing occupational restrictions on the defendant's term of supervised release, the trial court must comply with

imprisonment and three years supervised release.[7]  Consequently,

because the sentence Lamprecht received fell within the perimeters

of the sentencing guidelines, the waiver contained in the plea

agreement barred any appeal based on the terms of the sentence that

he received.  Thus, counsel was not ineffective for failing to file

---

U.S.S.G. 5F1.5, which provides in relevant part:

> (a)  The court may impose a condition of probation or supervised release prohibiting the defendant from engaging in a specified occupation, business, or profession, or limiting the terms on which the defendant may do so, only if it determines that:
>
>    (1)  a reasonably direct relationship existed between the defendant's occupation, business, or profession and the conduct relevant to the offense of conviction, and
>    (2)  imposition of such a restriction is reasonably necessary to protect the public because there is reason to believe that, absent such restriction, the defendant will continue to engage in unlawful conduct similar to that for which the defendant was convicted.

U.S.S.G. 5F1.5.

As previously noted, given the nature of the underlying offense to which Lamprecht pled guilty--theft and interstate resale of electronic components--and the wide discretion that trial courts are afforded in determining what conditions should be imposed on the defendant's supervised release, see United States v. Bird, 124 F.3d 667, 684 (5th Cir. 1997)(stating that "this court reviews a district court's entry of special conditions of supervision for an abuse of discretion")(citations omitted), the special conditions imposed on Lamprecht's supervised release are reasonable.

[7]The court waived any fine because of "the defendant's inability to pay."

6

the requested notice of appeal, because any such appeal would have been a futile gesture.

III

As we have previously noted, the district court also granted Lamprecht a COA on the issue of whether his "due process rights were violated when the District Court restricted [his] first amendment rights without giving notice that such restrictions would be considered." Lamprecht argues that the district court's failure to provide him with pre-sentencing notice of its intention to impose special conditions on his supervised release resulted in a violation of his constitutional right to due process. He fails to identify any authority to support his contention that the Due Process Clause requires trial courts to provide defendants with pre-sentencing notice of their intentions to impose special conditions on terms of supervised release. However, he seems to fold this argument into a contention that Federal Rule of Criminal Procedure 32 requires notice of the court's intention to impose conditions on his release.[8]

---

[8]The district court denied Lamprecht's request for a COA on the issue of whether the trial court's failure to provide him with pre-sentencing notice of its intent to impose special conditions on his supervised release resulted in a violation of Federal Rule of Criminal Procedure 32. Thus, we are procedurally barred from considering the merits of this argument in this appeal. However, to the extent that Rule 32 and the Due Process Clause are coextensive, we will assume that the challenges raised by Lamprecht to his sentence under Rule 32 are his due process arguments.

7

In <u>United States v. Mills</u>, 959 F.2d 516 (5th Cir. 1992), we considered whether pre-sentencing notice of the imposition of occupational restrictions on supervised release was required under <u>Burns v. United States</u>, 501 U.S. 129 (1991),[9] or Federal Rule of Criminal Procedure 32.  We concluded that the occupational restrictions imposed on Mills were not upward departures from the sentencing guidelines and thus did not require pre-sentencing notice to the defendant.  Instead, the occupational restrictions were "simply an exercise of the district judge's authorized discretion to impose additional terms of probation or supervised release."  <u>Id.</u>  at 519.  In <u>Mills</u> we went on to state:

> We do not believe it to be in the interest of justice or the efficient administration of the sentencing process to extend the notice requirements of <u>Burns</u> to cases where the defendant's term of confinement is not at stake. Requiring trial judges to give prior notice of their intent to impose an occupational restriction would only further encumber the lengthy sentencing process without adding anything to defendants' existing procedural protections.

<u>Id.</u>; <u>see also</u> <u>United States v. Coenen</u>, 135 F.3d 938, 942-43 (discussing <u>Mills</u>, and stating that when the special conditions imposed on the defendant's supervised release are related to the underlying offense, pre-sentence notice is not required).

----

[9]In <u>Burns</u>, the Supreme Court stated that Rule 32 requires sentencing courts to give the parties notice of its intent to depart from the applicable sentencing guidelines, whether upward or downward, prior to sentencing.  <u>See</u> <u>Burns</u>, 501 U.S. at 138-39.

Perhaps we should also mention that in an unpublished opinion, United States v. Shugart, 1994 WL 175416 (7th Cir. 1994), the Seventh Circuit, addressed a due process challenge to the imposition of special conditions on a term of supervised release without providing pre-sentencing notice. Id. at *2. The court held that because the conditions of supervised release did not constitute an upward departure, the imposition of such "conditions of supervised release without notice of the specific provisions prior to sentencing in no way violated [the defendant's] right to due process." Id. at *3.

In sum, it is clear to us, that absent specific statutory direction, when the special conditions imposed on a defendant's supervised release are consistent with those contemplated by 18 U.S.C. § 3583 and/or U.S.S.G. 5F1.5, and do not constitute an upward departure within the meaning of Burns, neither Rule 32, nor the Due Process Clause require the sentencing court to give pre-sentencing notice of its intent to impose such conditions. Therefore, the failure of the district court to provide Lamprecht with pre-sentencing notice of its intent to impose special conditions on his term of supervised release provides no basis for habeas relief.

IV

9

For the reasons stated herein, the judgment of the district court, denying habeas relief, is

A F F I R M E D.